## In re OYLER.

### No. 11007.

District Court, S. D. Ohio, E. D.
Oct. 9, 1936.

596

Edward Kibler, of Newark, Ohio, for debtor.

Andrew S. Mitchell and Charles L. Flory, both of Newark, Ohio, for Kentucky Joint Stock Land Bank of Lexington.

UNDERWOOD, District Judge.

This is a proceeding under section 75 of the Bankruptcy Act, as amended 11 U.S. C.A. § 203. On February 26, 1923, Alva L. Oyler and Caroline Oyler, his wife, executed and delivered a certain note and mortgage in the sum of $45,000 to the Kentucky Joint Stock Land Bank of Louisville, Ky.; the note bearing interest at the rate of 6 per cent. per annum, payable semiannually, and the mortgage covering 487 acres of land located in Licking county, Ohio.

Default in payment was made by the mortgagors June 1, 1932, and December 1, 1932. The mortgagee elected to precipitate the maturity of the obligation under the terms of the note. Accordingly the bank filed its action in foreclosure in the common pleas court of Licking county, Ohio, March 25, 1933. A judgment and decree of sale foreclosing said mortgage was entered in favor of the bank, but the debtor filed his action in this court under section 75 of the Bankruptcy Act December 4, 1934, and no sale has been held for that reason.

The cause pending here was referred to a conciliation commissioner December 4, 1934, and an offer of composition was made by the debtor, which was rejected by the bank. According to the schedules filed by the debtor, the secured claim of the bank amounted to $43,496, and all other liabilities were listed at $100. A report was filed by the commissioner June 27, 1935, stating that the offer of composition had failed.

An entry was made July 2, 1935, by my predecessor, Judge Hough, reading as follows: "This day this cause came on to be heard upon the report of the Conciliation Commissioner herein and upon motion to dismiss said proceedings, and the Court being fully advised that the Commissioner is unable to reach a conciliation agreement of composition or extension does hereby dismiss said proceedings."

This entry was approved by all parties, including the attorney for the debtor. The commissioner thereafter filed his second and final report setting forth the failure of efforts to reach a composition and concluding: "It now appearing to the Conciliation Commissioner that the said Debtor, Alva L. Oyler, has filed a motion to dismiss the proceedings in this Court, and that the same was sustained by this Court, the undersigned, as Conciliation Commissioner, begs leave to file this, his report, of said matter."

Apparently, as shown by the record, nothing further was done in the matter until September 13, 1935, when Judge Hough made the following entry: "It appearing to the Court that the proceedings herein were dismissed by the Court because of the decision of the Supreme Court of the United States [Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106] that Subsection 'S' of the former Frazier-Lemke Farm Moratorium Bill was unconstitutional by virtue of the reenactment of said bill and the provisions thereof, it is ordered that this cause be reinstated instanter, upon the docket of this Court and stand for hearing on motion to dismiss."

No hearing is indicated by the record. Then on October 3, 1935, a petition asking for the dismissal of the proceedings was filed by the bank upon the following grounds:

"(1) Because no proceedings were ever instituted or pending herein under the former section 75 (s) of the Bankruptcy Act and that these proceedings were not dismissed because of the decision of the Supreme Court of the United States holding same to be unconstitutional but be-

cause of the debtor's failure to affect a composition with his creditors herein;

"(2) Because no proceedings are now pending herein under Section 6 of the Act of Congress approved August 28, 1935 being the new section 75 (s) of the Bankruptcy Act [11 U.S.C.A. § 203 (s)]."

The third and fourth grounds are based upon the alleged unconstitutionality of the act as amended.

A second petition for dismissal of the cause was filed by the bank June 4, 1936, based upon the alleged ground that "the debtor and bankrupt herein has never made a bona fide offer of composition or extension of his debts."

The matter came on for hearing in this court June 12, 1936, upon the two petitions filed by the bank asking dismissal of the proceedings. This issue was argued to the court at that time by counsel for both parties.

█ Considering the issues now confronting the court, it must be held that the entry of July 2, 1935, definitely and finally dismissed this cause from the jurisdiction of this court. Subsequently reinstatement was granted, but to stand for hearing on motion to dismiss. The court speaks through its record, and, as the record shows no prior hearing subsequent to the conditional reinstatement, it is now to be determined whether that reinstatement shall stand.

█ The bank contends in its first ground for dismissal that this cause was never pending under section 75 (s), 48 Stat. 1289, 11 U.S.C.A. § 203 (s) and note. By the specific terms of section 75, subsection (s), a positive act is required on the part of the debtor to initiate proceedings under (s): "Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition and/or extension proposal, or if he feels aggrieved by the composition and/or extension, may amend his petition or answer, asking to be adjudged a bankrupt."

It is apparent that this cause could not be pending under that subsection unless and until the debtor amended his petition asking to be adjudged a bankrupt. In the instant case the debtor exhausted his remedy under all prior subsections of section 75 but took no steps to bring his case within the terms of (s). Without the required positive action on the part of the debtor, the court must conclude that this proceeding was never pending under former subsection (s).

It is further contended by the bank in its first ground that these proceedings were not dismissed because of the Supreme Court holding subsection (s) to be unconstitutional. This issue must be determined from the record. As hereinbefore held, this cause was never pending under the subsection determined by the Supreme Court to be unconstitutional, and that fact has some bearing. However, any final doubt must be dissolved by the order itself, which held: "* * * and the Court being fully advised that the Commissioner is unable to reach a conciliation agreement of composition or extension does hereby dismiss said proceeding."

This order of dismissal, acquiesced in by counsel for the debtor, leaves no room for doubt as to ı the ground of the dismissal; it was the failure to reach a conciliation agreement of composition or extension.

█ This being true, there was no valid ground for reinstatement of the case. Reinstatement is provided for in section 75, subsection (s) (5), 11 U.S.C.A. § 203(s) (5), reading in part as follows: "This Act [title] shall be held to apply to all existing cases now pending in any Federal court, under this Act [title], as well as to future cases; and all cases that have been dismissed by any conciliation commissioner, referee, or court because of the Supreme Court decision holding the former subsection (s) unconstitutional, shall be promptly reinstated, without any additional filing fee or charges."

It is apparent from the record that this case was not so dismissed, neither can it be reinstated under the terms of the act upon that ground.

█ The second ground for dismissal urged by the bank is that no proceedings are now pending herein under section 75, subsection (s), of the amended act, 11 U.S.C.A. § 203(s). It is sufficient to say that no action has been taken by the debtor to amend his petition in order to bring himself within the provisions of that subsection, and for this reason this cause is not now pending under the subsection in question.

This court, in view of the circumstances and the record, is compelled to hold that the cause was not dismissed on account of the unconstitutionality of subsection (s), 48 Stat. 1289, 11 U.S.C.A. § 203(s) and

note, declared by the Supreme Court, but for failure to reach a conciliation agreement of composition or extension; and that it is not now pending under the new subsection (s), 11 U.S.C.A. § 203(s). Therefore, it is the further finding of the court that the first and second grounds of the petition for dismissal filed by the bank October 3, 1935, are well taken; that they ought to be, and they hereby are, sustained. The cause will be dismissed.

The court does not deem it necessary to consider the other grounds urged for dismissal. Entry accordingly.