## In re DE TAMBLE.

## DE TAMBLE v. NEW YORK LIFE INS. CO.
### No. 5963.

Circuit Court of Appeals, Seventh Circuit.
Feb. 17, 1937.

J. Kentner Elliott, of Chicago, Ill. (Edward T. Heineman, of Chicago, Ill., of counsel), for appellant.

894

William N. Marshall and Willis C. Webb, both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

This is an appeal from an order of the District Court directing its clerk to pay the sum of $1,323.29 to appellee from funds deposited with its clerk.

The facts are undisputed. Appellant had filed his petition for extension of time in which to pay his debts, pursuant to section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202). Appellee was a secured creditor whose claim was sought to be affected by the proceedings. It was the owner and holder of a trust deed in the nature of a first mortgage encumbering the real estate involved, and was the owner and holder of the unpaid notes and indebtedness secured by that trust deed, all of which was due and owing in excess of $48,000. The trust deed conveyed the real estate and the rents, issues and profits thereof as security for the payment of the debt.

On September 6, 1935, following the filing of appellant's petition, the District Court appointed a custodian to operate, manage and control the real estate involved, and to collect the rents, issues and profits and deposit them with its clerk until the further order of that court.

On March 17, 1936, the court dismissed appellant's petition on the ground that the money or security necessary to pay all debts having unwaived priority, and the costs of the proceedings, had not been deposited as required by section 74(e), as amended (11 U.S.C.A. § 202(e).

The custodian at the time of his appointment took possession of the property and retained it until the petition was dismissed, performing all the duties as set forth in the order of appointment, and as a result thereof had collected and deposited with the clerk the sum of $1,591.83.

No foreclosure proceedings had been instituted prior to the dismissal of appellant's petition, and prior to the appointment of the custodian, appellant was at all times in actual and undisturbed possession of the property involved.

On May 26, 1936, appellee filed its petition requesting the court to apply the deposited funds on the account of appellee's mortgage indebtedness, and for such further and different relief as to the court might seem just and proper. This petition was granted and the court ordered the payment which is now in question.

It is first contended by appellant that the District Court lacked jurisdiction to make the order appealed from. He bases this contention upon the fact that the court failed to expressly reserve jurisdiction of the deposits when it dismissed appellant's petition. We think there is no merit in this contention. The proceeding was in equity, and the court had jurisdiction of the rents, issues and profits of the property involved, and was authorized to impound them through the services of its custodian and clerk. That which it rightfully received it might rightfully disburse, and jurisdiction of the fund could not be destroyed until disbursement was accomplished.

Appellant's answer to appellee's petition alleged that the deposits were his own personal property. If that were true he was entitled to have it, yet if his contention as to jurisdiction be sound, the court was without power to award it to him because it had failed to reserve jurisdiction for that purpose at the time appellant's petition was dismissed. Equity will not permit itself to be confined within such narrow limits. We think the court had the power to determine the ownership of the deposits in favor of appellant had it desired to do so. By the same token it had the power to decide the question in favor of appellee. Those facts constitute jurisdiction, for it is the power to decide, rightly or wrongly.

It is further urged that the court erred in ordering the money paid to appellee. This contention is based on the fact that neither the mortgagee nor the trustee under the mortgage had made any effort to sequester the income or to foreclose the mortgage. In argument, however, appellant informed us that the bill to foreclose was filed April 4, 1936; the decree of foreclosure was entered October 28, 1936; and the master's report of sale and distribution was approved December 10, 1936, showing a deficiency judgment against appellant of $7,847.73.

Upon the filing of appellant's petition under section 74, appellee was deprived of its several remedies under its trust deed and notes. It could proceed only as that

act provided. When the custodian was appointed, he, the same as a trustee in bankruptcy, represented all of the creditors. As an officer of the court, within the line of his duties, he was authorized and expected to do those things, for the benefit. of all the creditors according to their respective and related interests, which they were not permitted to do under the provisions of the act. When the rents were impounded by him it was a sequestration of those funds for the benefit of those creditors to whom they of right belonged, and it had the same effect, so far as appellant was concerned, as if the sequestration had been performed by the creditor who was entitled to them. It is not here denied that appellee under the pledge provision of its mortgage was entitled to the rents, and we think its lien upon them was effective from the date of the custodian's appointment. In re Wakey (C.C.A.) 50 F.(2d) 869, 75 A.L.R. 1521.

In Bindseil v. Liberty Trust Company (C.C.A.) 248 F. 112, 115, the court said: "As we are dealing in this case with the equitable administration of bankrupt assets, where creditors' legal rights are preserved but where their legal remedies are lost and equitable remedies are substituted, equity requires that the new remedies be as effective as the old in protecting and enforcing such rights." See, also, Cross v. Will County National Bank, 177 Ill. 33, 52 N.E. 322.

So far as this record discloses, no other creditor is contesting this order. Appellant's contentions are quite technical and are without merit.

The order is affirmed.