

## In re HUFF.
## No. 5851.

District Court, N. D. Alabama, N. E. D.
Sept. 10, 1938.

Charles W. Sanders, of Birmingham, Ala., for reviewant.

Walter Winston, Jr., of Huntsville, Ala., for reviewee.

MURPHREE, District Judge.

Mrs. Nellie B. Huff on April 12th, 1937, filed her petition under Section 74 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 202. Prior to that time the Home Owners' Loan Corporation had begun proceedings to foreclose upon a mortgage held by it upon Mrs. Huff's home, she being in default thereon, and the date for the foreclosure sale had been set for April 19th, 1937. The mortgage contained a clause giving the mortgagee the right to rents and possession upon default in the payments on the mortgage indebtedness. Subsequent to the debtor's petition, of course, the Home Owners' Loan Corporation was restrained in its foreclosure proceedings. The debtor first proposed one plan which was not accepted and later the Referee confirmed another plan over the protest of the Home Owners' Loan Corporation, which latter plan provided for the payment by the debtor of Fifty Dollars per month for one year, all of which payments were to be paid to the Home Owners' Loan Corporation on said mortgage indebtedness, except twenty-five dollars from the first payment which was to be applied on court costs, which plan further provided for an extension of said mortgage indebtedness during said one year period. The Home Owners' Loan Corporation took a review from the Referee's order confirming said latter plan, and after some delay this review was allowed, and the debtor's petition was dismissed. Prior to the dismissal of the debtor's petition two hundred dollars had been paid to the Referee by the debtor pursuant to the plan which had been confirmed. After the dismissal of the debtor's petition, the Home Owners' Loan Corporation filed a petition with the Referee asking that $175 of the $200 paid in to the Referee be paid to the Home Owners' Loan Corporation, seeking said fund of $175 either as payments under the plan or as the rental value of the property during said period of extension— the mortgage including a clause giving the mortgagee the right to rents upon default in payments upon the mortgage indebtedness—, and in the absence of payment under either of said alternatives that the $175 be distributed to all creditors, it being the principal creditor. The Referee denied the petition of the Home Owners' Loan Corporation upon the ground that since the debtor's petition had been dismissed, he did not have jurisdiction to entertain the petition, and dismissed the same; from which ruling of dismissal of the Referee the Home Owners' Loan Corporation brings this review.

This review presents the apparently novel question of the proper disposition of funds paid in to the Referee under a plan which is later nullified by the court upon review. The debtor contends that the court lacks jurisdiction to make any order of distribution after the dismissal of the debtor's petition. For this contention the debtor cites as authority In re Oyler, 20 F.Supp. 595, D.C.Ohio 1936. The Oyler Case, however, was a case under Section 75 of the

566

Bankruptcy Act, as amended, 11 U.S.C.A. § 203, in which the petition was dismissed for want of an acceptable plan, and in which thereafter it was held improper to reinstate the case. There were no undisbursed funds in court at the time of the dismissal of the petition, as there are here, and the case does not intend to lay down any rule as to jurisdiction over such funds.

That the Referee has jurisdiction to disburse monies held by him after dismissal of a debtor's petition is made clear in Re De Tamble, 7 Cir. 1937, 88 F.2d 893. As the court there stated [page 894], "That which it [the court] rightfully received it might rightfully disburse, and jurisdiction of the fund could not be destroyed until disbursement was accomplished."

The De Tamble Case was one in which rent accumulated by the custodian was ordered to be paid to the mortgagee after the absolute dismissal of the petition. That the mortgagee is entitled to rents so accumulated in a bankruptcy court has been frequently adjudicated. Bindseil v. Liberty Trust Co., 3 Cir. 1917, 248 F. 112. See In re Wakey, 7 Cir. 1931, 50 F.2d 869, 75 A.L.R. 1521, and annotation thereafter; In re De Tamble, supra; In re Industrial Cold Storage & Ice Co., 163 F. 390, D.C.Pa. 1908.

However, in this case we see no occasion to determine whether or not the mortgagee is entitled to the payments held by the Referee as the equivalent of rents. It is our opinion that the mortgagee here is entitled to the money in question under the extension plan which the Referee confirmed. Regardless of the first review taken by the mortgagee, the payments should have been regularly remitted to the mortgagee as provided by the plan. Pending the determination of that review the debtor enjoyed the extension for which her plan provided, and the mortgagee was at least entitled to the stipend called for by the plan to be paid it, even though the mortgagee considered the plan unfeasible. There is no reason to believe that a pro tanto extension, which in effect the debtor obtained, was not equitably worth the pro tanto payments in question. It was the debtor's own plan that called for said payments to the mortgagee, and under the circumstances there was no reason for the payments to be withheld from the mortgagee pending its first review. The debtor will be given credit for these payments on her indebtedness. Therefore, it is equitable that these funds be now remitted to the mortgagee as they should have been heretofore.

An order will be entered granting the petition for review, reversing the order of the Referee, and requiring the Referee to pay the fund of $175 to the reviewant here.