Harold W. Anderson, v. F. O. Frederickson et al.
Appeal by William L. Wallen & Sons, Appellants, v.
Louis J. Pelck, Receiver, Appellee.

Gen. No. 33,198.

282

Opinion filed April 1, 1929.   Rehearing denied April 13, 1929.

SAMUEL WODIKA, for appellants.

WM. SHERMAN CARSON, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by William L. Wallen & Sons, a copartnership, from an order entered in a foreclosure proceeding that they pay over to the receiver the amount of $1,469.34, being rent collected by them from the premises prior to the appointment of the receiver.

The bill, filed August 23, 1928, sought to foreclose a junior mortgage executed by F. O. Frederickson and his wife, dated August 10, 1926; receiver was appointed August 24, 1928; the receiver filed a petition September 4, claiming that Wallen & Sons had certain funds in their hands representing rents theretofore collected from the premises. Wallen & Sons filed their answer in which they represented that they were duly licensed real estate agents in Chicago; that on December 15, 1926, they negotiated on behalf of the Fredericksons a certain lease on the premises sought to be foreclosed for a period of ten years and four months at a term rental of over $114,000; that the commission to which they were entitled, according to the Cook County Real Estate Board, for negotiating such lease was $1,953.59; that, as agents, they had collected the sum of $1,469.34 in rentals and had applied this against the commission due them from the Fredericksons, leaving a balance due of $484.25.

Counsel for Wallen & Sons correctly stated the general rule that the mortgagors are entitled to rents pending a foreclosure proceeding, but the receiver

urges that this rule does not prevail where the rentals are specifically pledged and assigned by the trust deed as security and calls attention to the provision of the trust deed providing that the rents of the premises ''shall be, and hereby are, assigned to the legal owner and holder of said note, as a part of the security therefor.'' Especially does he emphasize the provision that:

''All net rentals on hand from said building in amounts of $500 or more shall be from time to time applied on account of the note securea hereby, notwithstanding the expressed maturity of the instalments thereof. Monthly statements and balances of rentals shall be delivered to the legal owner and holder of said note, who shall receive the same for the purposes aforesaid.''

The receiver says that under these provisions Wallen & Sons were merely agents to collect the rents which were trust funds for the benefit of the holder of the note and that they could not be used to satisfy any claim the agents might have against the mortgagors, Frederickson and wife.

Undoubtedly under the provisions of this trust deed a receiver would be entitled upon his appointment to take possession of the premises and collect the rents thereafter accruing and to apply the same for the benefit of the holder of the note; but that is quite a different situation from where the receiver, as here, seeks to appropriate the rents which had accrued and been paid prior to his appointment. The only possible claim the receiver could make to these would be under the provision above quoted to the effect that the ''net rentals'' of $500 or more shall be from time to time applied on account of the note and that monthly statements and balances of rentals should be delivered to the legal owner and holder of said note.

Clearly ''net rentals'' mean the amount of rentals left after all necessary expenses, such as taxes and re-

pairs, have been deducted, and we can see no reason in justice why the agent handling the property should not deduct his commissions as necessary expenses. The work of the agent is not only directly for the benefit of the owner of the property but also inures to the benefit of the mortgagee in preserving the property and keeping it rented.

Furthermore, the record fails to show any demand made by the holder of the note for such rentals or the monthly statements and balances referred to in the provision under consideration. The arrangement permitting Wallen & Sons to deduct their commissions from the rentals was acquiesced in by the mortgagors, Frederickson and wife, for nearly two years, and at no time during this period did the mortgagee make any demand for the rents under this provision of the trust deed. We must therefore conclude that the mortgagee acquiesced in this arrangement. In Jones on Mortgages, sec. 976, p. 359, it is said:

"Assignment of rents to the mortgagee which give him control of the premises, are not looked on with favor by the courts; and even when the mortgage expressly covers the land, 'together with rents, issues and profits,' the language will be construed as referring only to rents and profits *accruing after entry by the mortgagee,* in the absence of specific language, pledging the rents accrued before default while mortgagor is in possession. Even where the rents are expressly pledged, the mortgagee cannot stand by after default, and permit the mortgagor and the tenant to divide the crop according to the lease and then claim a lien on the rents."

Citing *Taylor v. Osman,* 239 Ill. App. 569, where it was held, in substance, that as long as the mortgagor is allowed to remain in possession he is entitled to receive the rents and profits even if they are pledged to secure the mortgage debt; that the mortgagee is not entitled to the rents until he takes actual possession or

possession is taken in his behalf by a receiver; that the mortgage does not create a lien on the rents and profits to the same extent as it creates a lien on the land, but only gives the mortgagee the right to take steps to obtain the rents and profits, but until such steps are taken the mortgagor is entitled to them. In Jones on Mortgages, sec. 670 (5th Ed.), the rule is thus stated:

"So long as the mortgagor is allowed to remain in possession he is entitled to receive profits of the mortgaged estate. His contract is to pay interest, not rent. Although the mortgagee may have the right to take possession, upon a breach of the condition, if he does not exercise that right, he cannot claim the profits. Upon a bill in equity to obtain foreclosure and sale, he may in proper cases apply for the appointment of a receiver to take for his benefit the earnings of the property. He is then confined to the rents and profits accruing during the pendency of the suit. . . . Even if the rents and profits are expressly pledged for the security of the mortgage debt, with the right in the mortgagee to take possession upon default, the mortgagee is not entitled to the rents and profits until he takes actual possession, or until possession is taken in his behalf by a receiver."

Decisions also tending to support this rule are *Cross v. Will County Nat. Bank,* 177 Ill. 33; *Moore v. Titman,* 44 Ill. 367; *Mississippi Valley & W. Ry. Co. v. United States Exp. Co.,* 81 Ill. 534; see also *Sullivan v. Rosson,* 223 N. Y. 217.

Wallen & Sons were the agents for the Fredericksons and until the mortgagee took steps under the trust deed to obtain the rents, they were answerable for them only to their principals, the mortgagors.

The order appealed from was erroneously entered and is reversed.

*Reversed.*

O'CONNOR, P. J., and MATCHETT, J., concur,