John Dillon, Plaintiff in Error, v. Joseph F. Dyer et al., Defendants in Error.

Gen. No. 8,160.

Heard in this court at the
February term, 1930. Opinion filed May 3, 1930. Rehearing
denied June 24, 1930.

GARNSEY, WOOD & LENNON, for plaintiff in error;
EDWARD C. HALL, of counsel.

ARLEY MUNTS, for defendants in error.

MR. PRESIDING JUSTICE BOGGS delivered the opinion
of the court.

On July 28, 1928, plaintiff in error filed a bill in the
circuit court of Grundy county to foreclose a trust
deed given by defendant in error, Joseph F. Dyer, to
the Joliet National Bank, for $16,500. On the same
day, said bank was appointed receiver to take charge,
"manage and operate said 163-acre farm; take charge
of the crops grown and growing on said land, and
whenever expedient so to do, harvest the same, with
or without the assistance of said Dyer," etc.; . . .
"that said receiver be and he is hereby authorized to
market, sell and dispose of any and all hay and grain
crops, whether matured and grown or growing on said
farm, and before or after harvesting the same, and
after payment of all reasonable expenses in the prem-
ises, including costs of harvesting, make due report
thereof," etc.

On February 4, 1927, one Mary Luth obtained a
judgment against Dyer for $1,156.66. On January 7,

1928, an execution was issued thereon. Mary Luth died April 13, 1927, leaving her surviving defendants in error Oscar Luth and Esther Kehnast, her children and only heirs at law. Thereafter the said Oscar Luth was appointed administrator of her estate. On July 18, 1928, a second execution was issued and served on Dyer. On July 28, 1928, the sheriff of said county levied on the wheat, oats, barley, etc., raised on said premises, and which were then in the shock. Thereafter on July 30, 1928, the bond of said receiver was filed and approved. It was thereupon stipulated between plaintiff in error and defendants in error, Oscar Luth, administrator, and Esther Kehnast that said receiver "shall have full charge and control of said crops, see to the threshing, sale and disposal of the grain thereof, and after payment of all necessary expenses in that behalf, hold the proceeds derived therefrom, subject to the disposition of said court, who shall determine the priority of said liens."

An answer was filed by Oscar Luth in his individual capacity and as administrator, etc., and by Esther Kehnast to said bill of complaint, neither admitting nor denying the indebtedness to the Joliet National Bank, setting forth the judgment above-mentioned, the death of Mary Luth, the appointment of said administrator, the levy of said execution and averring that "said levy and proceedings were prior to the qualification of said receiver, who did not file bond herein until the 30th day of July, 1928," and praying that the rights of said administrator under the aforementioned letters be decreed to be a prior and superior lien to that of said receiver. Replications were filed to said answers, and the cause was referred to the master in chancery, to take the evidence and to report the same, together with his conclusions of law and fact.

The evidence was taken and reported by the master, together with his conclusions thereon. In said report the master found that the receipts from the sale of

said grain amounted to $840.67, and that the receiver was entitled to a credit of $152.75 for expenses incurred in threshing and marketing said grain, leaving a net amount of $687.92 which he reported should be applied on the Luth execution and judgment.

Objections by plaintiff in error to said report were overruled, and it was ordered that said objections stand as exceptions. On the hearing in the circuit court, the exceptions were overruled, said report was confirmed and a decree was entered, directing that said amount of $687.92 be paid to the sheriff to apply on said execution. To reverse said decree, this writ of error is prosecuted.

Counsel for plaintiff in error call attention to the following provision of said trust deed:

"The grantor waives all right to possession of and income from said premises pending such foreclosure proceedings and until the period of redemption from any sale thereunder expires and that upon the filing of any bill to foreclose this trust deed, a receiver shall upon motion of solicitor for complainant, without notice, be immediately appointed by the court before which such motion shall come for hearing, to take possession or charge of said premises and collect such income," etc., and insist that, under said provision, the court erred in decreeing that the sheriff, under said execution and levy, was entitled to said proceeds as against plaintiff in error.

"The rule at common law, and followed by this court, is that the mortgagor is not required to account to the mortgagee for rents and profits while he remains in possession." *Moore v. Titman,* 44 Ill. 367, 370; *Mississippi V. & W. Ry. Co. v. U. S. Express Co.,* 81 Ill. 534–537; *Cross v. Will County Nat. Bank,* 177 Ill. 33–38. To the same effect is Jones on Mortgages, 5th Ed., sec. 670.

"Even if the rents and profits are pledged to secure the mortgage debt, with the right in the mortgagee to

take possession upon default, the mortgagee is not entitled to the rents until he takes actual possession or until possession is taken in his behalf by the receiver." *Taylor v. Osman,* 239 Ill. App. 569–574; *Anderson v. Frederickson,* 252 Ill. App. 281–285. To the same effect is *John Hancock Mut. Life Ins. Co. v. Watson,* 200 Ill. App. 315–318.

In *Anderson v. Frederickson, supra,* the court at page 285, quoting from Jones on Mortgages, 5th Ed., sec. 670, says:

"So long as the mortgagor is allowed to remain in possession, he is entitled to receive the profits of the mortgaged estate. His contract is to pay interest, not rent. Although the mortgagee may have the right to take possession upon a breach of the condition, if he does not exercise that right he cannot claim the profits. Upon a bill in equity to obtain foreclosure and sale, he may in proper cases apply for the appointment of a receiver to take for his benefit the earnings of the property. He is then confined to the rents and profits accruing during the pendency of the suit."

The execution in question was issued on July 18, 1928, and was served upon Dyer on that day, with notice that he had ten days in which to file his schedule. On July 28, the sheriff levied on said grain, then severed and in the shock, and placed a custodian in charge thereof.

Under the foregoing authorities, defendant in error Luth, as such administrator, was entitled to said grain as against plaintiff in error, and the receiver, who had not qualified as such at the time said levy was made. This question was so fully considered by this court in *Taylor v. Osman, supra,* that it is not necessary for us to further discuss the same.

The court did not err in decreeing the rights of Luth as such administrator superior to those of plaintiff in error.

Counsel for appellant also insist that, when the bond of the receiver was approved, the receiver's possession related back to the date of his appointment, which was July 28. While authorities from other States were cited, none were cited from this State supporting this contention. We are not deciding whether or not this contention is well taken, as we do not believe it vital in this case. The record discloses that, even though the receiver had the right to take possession, he did not in fact do so until after said levy was made by the sheriff.

It is also insisted by plaintiff in error that the court erred in refusing to allow said receiver credit for funds which he had expended in and about the harvesting of said crop. At the time the grain was levied on, it was in the shock. The expenses thereafter, to be covered by said stipulation, would have to do with the threshing, marketing, etc., of said grain. These expenses were allowed. The court did not err in its ruling in this connection.

Plaintiff in error again seeks to bring before us the matter of his attempted appeal at a former term. That appeal was dismissed, and is not before us for consideration.

For the reasons above set forth, the decree of the trial court will be affirmed.

*Decree affirmed.*