St. Louis Union Trust Company, Plaintiff in Error, v. Wabash, Chester & Western Railroad Company et al., Defendants in Error.

Heard in this court at the February term, 1930. Opinion filed May 21, 1930.

GEORGE B. GILLESPIE and GILLESPIE, BURKE & GIL-LESPIE, for plaintiff in error.

WILLIAMS & LEWIS, for defendants in error; CARTER HARRISON, of counsel.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error had a mortgage on the property and income of the railroad company, and on Janu-

ary 3, 1924, filed its bill to foreclose and for the appointment of a receiver. On July 6, 1923, the railroad company was unable to meet its payroll. In order to procure funds for that purpose it wrote to the Ham National Bank as follows:—"In consideration of your extending this Company credit to the extent of $5,000, we will pledge as security therefor, freight collections of the Mt. Vernon station, which collections average about $25,000 per month. This security to continue until the credit aforesaid is paid by us in full." At that time the bank loaned the railroad company $3,000 for which a note was taken. That note has been fully paid and is not in controversy.

To secure another loan of $2,500, the railroad company on July 11, 1923, gave the bank a written instrument certifying that there was then due the company from various concerns at Mt. Vernon, Illinois, the following amounts for services in nature of transportation which amounts were subject to immediate payment: Mt. Vernon Car Mfg. Co., $2,700, Lumber Companies and miscellaneous firms $4,300, making a total of $7,000; that upon collection of the above amounts, the proceeds would be applied to extinguish indebtedness at the Ham National Bank, as follows: One note dated July 6, 1923, $3,000, one note dated July 11, 1923, $2,500, total $5,500. The bank made the loan of $2,500 and took a note therefor.

Several months later a receiver was appointed in the foreclosure proceeding who collected $2,210 from the accounts mentioned in the instrument of July 11, 1923. Ham National Bank filed a petition asking that the receiver be ordered to pay said sum to it. The prayer of the petition was granted and the decree entered directing the receiver to pay said sum to the bank.

The fact that the income of the railroad company was covered by the mortgage did not entitle plaintiff in error to income that was due and owing prior to

the appointment of the receiver. It is a well-settled rule of law that a mortgagor is entitled to the rents and income from the mortgaged property for his own use until a receiver is actually appointed. *Mississippi Valley & Western Ry. Co. v. U. S. Express Co.*, 81 Ill. 534; *Rohrer v. Deatherage*, 336 Ill. 450. That being true, plaintiff in error had no right, title or interest in the accounts from which the receiver collected the $2,210 in question, and is in no position to assign error in regard to the court's ruling as to the disposition of that fund. The fund represented income that was due and owing to the railroad company long before the receiver was appointed.

The execution and delivery of the instrument of July 11, 1923, by the railroad company set aside certain accounts then due and owing to that company to secure the payment of the $2,500 note to the bank. By the execution and delivery of that instrument the railroad company thereby made itself a trustee to hold and collect said accounts and apply the proceeds on said note. *Marble v. Marble*, 304 Ill. 229; *Hamer v. Sidway*, 124 N. Y. 538; *Day v. Roth*, 18 N. Y. 448. The fund in question was a trust fund to which the bank was entitled and the court did not err in its ruling. The decree is affirmed.

*Affirmed.*