50 F.2d 869 (1931)
In re WAKEY.
CURTIS
v.
AMSLER.
No. 4473.
Circuit Court of Appeals, Seventh Circuit.
June 29, 1931.
*870 W. I. Hibbs, Harold A. Butters, and A. E. Butters, all of Ottawa, Ill., for appellant.
Arthur H. Shay, of Streator, Ill., for appellee.
Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.
EVANS, Circuit Judge.
This appeal involves a single question, the right of a mortgagee to receive the rents and profits collected by a trustee of the bankrupt estate of the mortgagor from the operation of a farm covered by the mortgage. The mortgage lien covered the "rents, issues and profits thereof," etc.
Mortgagor was duly adjudged a bankrupt when there was no default in the mortgage, either in interest or principal. The trustee in bankruptcy collected the rent for two years. Appellant, the mortgagee, then petitioned the court for an order directing the trustee to apply the rents and profits to the payment of the interest due upon the mortgage. The referee denied the petition, and his order was confirmed by the District Court. This appeal was taken from the court's order.
It is not questioned but that the rents and profits of land, as well as the land, may be the subject of a valid mortgage lien. Greenebaum Sons Bank & Trust Co. v. Kingsbury, 248 Ill. App. 321; Ortengren v. Rice, 104 Ill. App. 428; McLester v. Rose, 104 Ill. App. 433; First Nat. Bank of Joliet v. Illinois Steel Co., 174 Ill. 140, 51 N. E. 200; Bagley v. Illinois Trust & Savings Bank, 199 Ill. 76, 64 N. E. 1085. It seems equally clear in Illinois that the lien upon the rents and profits is not ordinarily enforceable until the mortgagee begins foreclosure proceedings, and a receiver, or other officer appointed by the court, takes possession of the property described in the mortgage. Dillon v. Dyer, 258 Ill. App. 144; St. Louis Union Trust Co. v. Wabash, Chester & Western Ry. Co., 258 Ill. App. 9; Taylor v. Osman, 239 Ill. App. 569; Anderson v. Frederickson, 252 Ill. App. 281; Rohrer v. Deatherage, 336 Ill. 450, 168 N. E. 266. After the appointment of such receiver in the mortgagee's suit, the mortgagee's right to the rents thereafter collected is clear. Rohrer v. Deatherage, 336 Ill. 450, 168 N. E. 266; Dillon v. Dyer, 258 Ill. App. 144; St. Louis Union Trust Co. v. Wabash, Chester & Western Ry. Co., 258 Ill. App. 9.
In this case the mortgagee made no application for permission to foreclose his mortgage, and not until after two years' rent had been collected by the trustee did he ask to have the same applied upon his mortgage. This failure on his part to assert his lien would have been fatal to his application here but for the intervention of the bankruptcy proceedings. Doubtless the bankruptcy proceedings and the appointment of the trustee dispensed with the requirement that the mortgagee should start foreclosure proceedings and secure the appointment of a receiver. For the mortgagee could not foreclose without the consent of the court, which had appointed a trustee to take possession of the property and collect the rents and profits. Isaacs, Trustee, v. Hobbs Tie & Timber Company, 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645, decided February 24, 1931.
But, while the institution of foreclosure proceedings was not necessary, the question arises: Was the mortgagee not required to make a demand on the trustee for the rents, and, if the demand be refused, to apply to the court for an order directing the trustee to apply the rents and profits upon *871 the mortgage? Until such demand or application was made, should the rents and profits not pass to the trustee for the benefit of the general creditors?
Respecting the answer to this query, the authorities are seemingly not in accord. Collier on Bankruptcy, vol. 2, p. 1675, discusses the question and recognizes the divergence of opinion: "But, on the question as to whether rents collected from mortgaged premises of a bankrupt between adjudication of bankruptcy and sale under foreclosure proceedings belong to the mortgagee under a claim of deficiency or to the general creditors, there is a divergence of opinion. * * * The cases hold, in effect, that until the mortgagee has reduced the mortgaged premises to his possession, or has attached or sequestered the rents, the possession of the trustee is that of the mortgagor, and rents from the mortgaged premises, which, but for the bankruptcy would belong to the mortgagor, after bankruptcy belong to the trustee by virtue of his title and possession, and are therefore applicable to debts due the general creditors. There is an opposite line of authorities which takes the view that for many purposes the relative rights of creditors are to be regarded as fixed when bankruptcy takes place; that after insolvency has taken the mortgaged property out of the mortgagor's hands, its income or product belongs to the lien creditor, who has thus become the virtual owner; and that such income or product issuing from mortgaged property should not be diverted from the mortgage creditor who has a lien to general creditors who have no lien. This view is not based upon the notion that the mortgage confers a lien upon rents, for, of course, it does not; but it is based upon what is conceived to be an equitable adjustment of rights, of which some are obviously superior to others."
An examination of the authorities cited leads us to the conclusion that the weight, as well as the trend, of authorities, favors the position that appellant's lien was effective from the date of the trustee's appointment.
In the recent case of Mortgage Loan Co. v. Livingston (C. C. A.) 45 F.(2d) 28, 32, the court said:
"It is argued, and the lower court was of the view, that they were not entitled to these funds because they had never acquired actual possession of the property, either directly or through a receiver, and that they had not made demand therefor. In the absence of a receivership, or other process by which the mortgaged property is in the control of the court, a mortgagee of real property would not be entitled to the rents and profits of the mortgaged premises until he had taken actual possession, or until possession were taken in his behalf by a receiver, or until he had demanded such possession. * * *
"To hold that the mortgagees had a legal right to these rents and issues under the provisions of their mortgage, but that they should be precluded from recovering same because they had not technically pursued a legal remedy is to overlook the fact that the property was in the control of a court of equity, and that equitable remedies commensurate with the legal rights of the parties should be available. To take from the mortgagees the property to which confessedly they are entitled under the pledge provision of their mortgage, and transfer it to the unsecured creditors of the bankrupt, appeals to us as harsh, inequitable, and unwarranted."
The court also said, page 33 of 45 F. (2d): "So here, the receiver, while not appointed in a separate suit instituted by the mortgagees, was functioning on behalf of all creditors with due regard to priorities of claims and liens on the property of the bankrupt. The mortgagees could not have assumed, under the facts as disclosed by this record, that the receiver was holding possession of these properties and collecting the rents and issues arising therefrom for any other purpose than to preserve them for the party entitled to them."
The facts in that case are not in all respects similar to the facts disclosed in the instant suit, but the principle involved is the same. The decisions of the Courts of Appeals of the Third Circuit and of the First Circuit are to the same effect. Bindseil v. Liberty Trust Co., 248 F. 112; In re Industrial Cold Storage & Ice Co., 163 F. 390; In re Torchia, 188 F. 207. See, also, Atlantic Trust Co. v. Dana (C. C. A.) 128 F. 209.
The Court of Appeals of the Second Circuit has held to the contrary. In re Brose, 254 F. 664.
Our conclusion is that the trustee in bankruptcy represented all of the creditors, the secured, the preferred, and the unsecured; that under Isaacs, Trustee, v. Hobbs Tie & Timber Co., supra, appellant could take no steps to perfect a lien upon the rents save in the court of bankruptcy; that he correctly assumed that his rights would be protected by the court of bankruptcy when it came to distribute the funds in the trustee's possession, *872 derived either from the sale of the farm or from the rentals of the farm.
In reaching this conclusion we have not overlooked the contention based upon the proposition that the provision of the mortgage covering rents and profits conveyed a right to a lien rather than an unqualified lien. A condition precedent to the creation of such lien was necessary, viz., the appointment of a receiver to collect the rents and profits. Inasmuch as this receiver would ordinarily not be appointed, except upon a showing that the property was insufficient to pay the mortgage debt and inasmuch as the income belonged to the mortgagor, or in case of his bankruptcy, to the trustee, until such receiver was appointed, it has been argued that such income belonged to the trustee in the absence of a showing that the property was insufficient to satisfy the mortgage debt. The weakness of this argument lies in the fact that the trustee, as the successor of the mortgagor, collected the rents and profits and held them for the benefit of the unsecured creditors, the secured creditors, and the preferred creditors. He occupied a position akin to that of a receiver appointed at the instance of a judgment creditor in a suit where the first mortgagee is made a party, and the order appointing the receiver fails to designate the parties for whom the receiver should collect the rents and profits. Under such circumstances, the moneys collected by the receiver are payable to the lienors in the order of their priority.
It would seem that a trustee in bankruptcy represents the mortgagees fully as much as a receiver appointed in a suit brought by a judgment creditor. The rights of judgment creditor and prior mortgagee in and to such rents and profits collected by the receiver were fully considered in Cross v. Will County National Bank, 177 Ill. 33, 52 N. E. 322. The court there reached the conclusion that the receiver was not appointed solely for the judgment creditor, and inasmuch as the receiver was not, by the order of appointment, directed to apply the rents and profits to satisfy the judgment of the judgment creditor, they were applicable to the liens on the property in the order of their priority. As the lien of the mortgage was prior to that of the judgment, the mortgagee was entitled to be first paid out of the rents.
Assuming as we do that the trustee in bankruptcy occupies the same position as a receiver appointed in a suit in equity, where no directions appear as to the disposition of the rents and profits, there seems no escape from the conclusion that payments out of such funds should be made to the lienholders in the order of their priority.
We express no opinion as to the right of the trustee to retain from said rentals a sum sufficient to pay the expense of administering the bankrupt's estate because of the absence of facts showing the existence of other funds sufficient to take care of such expense.
The decree of the District Court is reversed, with directions to enter an order in accordance with the views above expressed.