**CORDESMAN-RECHTIN CO., DISSOLUTION OF, In Re**

Ohio Appeals, 1st Dist, Hamilton Co.

Decided Feb. 19, 1940.

Clark & Robinson, Cincinnati. for The Provident Savings Bank & Trust Co., on intervening petitioner.

Charles B. Ginocchio, Cincinnati, for appellee, The Disaster Loan Corporation, an intervening creditor.

**OPINION**

By SHERICK, PJ.

On October 14, 1927, The Cordesman-Rechtin Company executed and delivered its note and mortgage to the apellant bank. The latter instrument conveyed thereby all its estate, title and interest in the premises in question, and also "all of the rents, issues and profits thereof." It is the first and best lien thereon.

Thereafter on April 12, 1938, the mortgagor being then in default and in possession of the mortgaged premises, all of the stockholders of The Cordesman-Rechtin Company petitioned for a dissolution of the corporation and the appointment of a receiver to accomplish that end. A receiver was that day appointed, who has since collected rents and profits from the mortgaged real estate. It is this sum so created, less proper special charges, which the bank seeks, by its intervention, to have declared covered by its lien and paid to it upon the balance of its principal debt and overdue interest. The appellee, a second mortgagee, and a contracting party with the bank and the mortgagor in what is denominated as a "standby contract" in which the bank foregoes its interest in excess of six per cent, resists the bank's claim. No decree of corporate dissolution has as yet been entered.

The trial court held that the rights and the extent of the interests of all

creditors, secured and unsecured, were crystallized, fixed and established by the order appointing the receiver, and that the rents and profits thereafter collected inured to the benefit of all corporation creditors in proportion to the amount of their respective claims. The bank asserts in this review that this order is contrary to law.

When one reads the general statute on the appointment of receivers, §11894 GC, having in mind the fact that the petition for dissolution as filed does not even plead corporate insolvency, and that the corporation has not as yet been dissolved, it is clear that relief is not asked or granted under its terms. It is equally apparent that the matter is a special proceeding properly maintainable by virtue of §8623-79 et seq., GC.

Sec. 8623-92 GC, a part of the General Corporation Act, recognizes and thereby countenances the appointment of a receiver in a voluntary or judicial dissolution proceedings after an order of dissolution has been entered and not before. To say that a court, when so called upon, may enlarge its terms, because of its powers possessed when it sits in equity, is to hold that courts may legislate when it suits convenience. However, appellee is aided by a further section and the silence of the record. Sec. 8623-88 GC, permits the appointment of a receiver in vacation, pending a hearing upon the merits. The record being silent, the presumption of course will be indulged that the trial court followed the law in the receiver's appointment. It follows that the receiver is found to be properly in charge of The Cordesman-Rechtin Company's real estate.

We are told by The Disaster Loan Corporation that the questions made are no longer subject to controversy, because of the rule established by the first paragraph of the syllabus in Commercial Bank & Savings Co. v Woodville Savings Bank, 126 Oh St 587, 186 N. E. 444. Undoubtedly such is the law upon the facts therein appearing. This is a case of attempted foreclosure and claimed lien upon rents, by a mortgagee of property held by the Superintendent of Banks, upon the theory that rents collected by him should go to liquidate tax liens upon the mortgaged property because the assuming grantee had agreed in the conveyance to him to pay taxes "now a lien on the premises." Surely it is to be perceived that the assuming grantee of the mortgagor did not covenant to pay these taxes out of rents and profits from the property mortgaged. The promise that inured to the benefit of the mortgagee from the terms of the assumption was only that it, the assuming grantee, would pay such out of its pocket as a part of the purchase price. There was no pledge of rents made to anyone to secure payment of the mortgage debt. Clearly the insolvent bank's general creditors should have and did prevail.

We agree with appellee that the question presented in this review is settled in this state by the Supreme Court, but in a different case and contrary to its claims. We refer to Hutchison, Assignee, v Straub, 64 Oh St, 413, 60 N. E. 602, 83 Am St Rep. 764, which stands unmodified and unreversed. This case is one wherein a mortgagor made an assignment for the benefit of his creditors in the Probate Court. The assignee petitioned for authority to sell mortgaged premises. He had collected rents therefrom. The mortgagee intervened and pleaded its right to collected rents by virtue of an exactly similar pledge in its mortgage as is found in the mortgage of the intervening bank. All that the court therein said on pages 416 and 417 might be quoted with profit.

In a case of corporate dissolution a receiver has two primary duties to perform. He must first and last protect the creditors. He must wind up the corporation's affairs. His appointment places him in possession of the corporate property. He must collect the rentals which it earns. He receives just such title as the corporation possessed when he received it by the court's act. He takes it subject to its liens and any trust with which it was impressed.

Can it be argued that, inasmuch as the corporate mortgagor had possession when the petition was filed and the receiver appointed, it naturally followed that the receiver had the right to these rents and profits to the exclusion of preference in the mortgagee bank? Certainly not. The petition for dissolution having been filed and jurisdiction having been taken thereof and a receiver appointed, precluded the mortgagee from pursuing any course, judicial or otherwise, to secure possession of the property, and its earnings, or to foreclose the equity of redemption.

If the appellee's contention be the law, then it is within the power of the debtor corporation to defeat the lien upon the property it unqualifiedly pledged by appointment of a receiver. The petitioning stockholders are all of the company's stockholders. They are in fact the corporation **in toto.** Their act is its act.

Let us assume that the corporation's real estate is earning highly profitable rentals, and its stockholders are the corporation's only general creditors. Then by the simple expedient of a prolonged receivership and subsequent dissolution or a refusal to dissolve, the stockholders as the general creditors can unjustly take from their firm's secured creditor that which it or they unreservedly pledged as security for the loan. As we see it, such a rule if countenanced would provide an avenue for fraud and gross injustice under judicial protection.

In the Hutchinson case, supra, the court points out that distribution of the property **in custodia legis,** meaning the corpus or its sale price and the income earned under the receivership, should be determined upon equitable principles. The mortgagee bank had the right to resort to the rents as well as the land. To hold otherwise is a denial of that right.

We find a considerable portion of appellee's brief devoted to the subject of possession. We note a number of cases wherein this subject is discussed pro and con, but practically all of them are cases wherein rents were not pledged in the instrument delivered to secure the debt, and few of them present a situation where the debtor by his voluntary act has made it impossible for the creditor to seek satisfaction of his debt out of pledged rents.

In situations like that of the Hutchison case, supra, and such as are herein encountered, possession is not the test, because a right of possession in the mortgagee did exist until the act of the debtor made its exercise impossible, and by which the mortgagor divested itself of possession. We more properly deem it a matter of equitable priorities and the doing of justice between creditors. The debtor by a subsequent act of his own choice should not be permitted to abrogate his contract and to divert the benefits thereof to others who never expected to profit by such a course.

The case of In re Wakey, 50 F. (2d), 869, 75 A. L. R., 1521, applies the same reasoning and rule in a proceedings in bankruptcy, which is closely akin to an assignment for the benefit of creditors and to a voluntary proceeding to dissolve a corporation. We recommend a perusal of this well-reasoned authority.

The order of the trial court complained of is reversed, and the cause is remanded with instruction that the receiver be directed to pay the rents, issues and profits, now held for disbursement, to the mortgagee bank in diminution of its mortgage debt and accrued interest computed at 6 per cent, and that rents subsequently collected by the receiver be similarly treated.

Judgment reversed and cause remanded.

LEMERT & MONTGOMERY, JJ., concur.