**In the Matter of Wayne Daryl PFLEIDERER, Laura Mae Pfleiderer, Debtors.**

**Bankruptcy No. 686–00198.**

United States Bankruptcy Court, N.D. Ohio.

Oct. 16, 1987.

</div>

---

John D. Sears, Spurlock, Sears, Pry, Griebling & McBride, Bucyrus, Ohio, for Peoples Sav. & Loan Co. of Bucyrus, Ohio.

Josiah L. Mason, Mason, Mason & Fridline, Ashland, Ohio, for Chapter 7 Trustee.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

This matter comes before the court on a Motion for an Accounting and for an order that the trustee pay over moneys collected. The motion is brought by Peoples Savings and Loan Company of Bucyrus, Ohio (Peoples).

Peoples was the holder of a first mortgage on certain real property of Wayne Daryl Pfleiderer and Laura Mae Pfleiderer (Debtors). A clause in the mortgage provided that all rents, issues and profits were assigned to Peoples to secure the debt.

Debtors filed their petition for relief under Chapter 7 of Title 11 of the United States Code on February 18, 1986. On February 20, 1986 Josiah L. Mason was appointed Interim Trustee and the appointment was accepted on February 25, 1986.

On June 4, 1986, Peoples filed a Motion for Relief from Stay pursuant to 11 U.S.C. § 362, requesting authority to institute foreclosure proceedings. The motion was granted by this court and on January 26, 1987, the Court of Common Pleas of Crawford County, Ohio, granted judgment on the complaint for foreclosure. Following the sale of the property and distribution of proceeds, there remains owing to Peoples a deficiency in the amount of $24,062.77.

From the date Debtors filed their bankruptcy petition until June 4, 1987, the trustee collected and held the rent from the property in the total amount of $4,900.00. It is as to these funds that Peoples claims an interest and requests that they be paid over to it to be applied to the deficiency. The trustee denies the money is payable to Peoples. In the alternative, the trustee argues that Peoples is liable for the costs of administration attributable to the trustee of the real property and for income taxes resulting from the rents received.

## DISCUSSION

■ The determination as to Peoples' property rights in the rents collected is governed by state law, even when the mortgagor is in bankruptcy. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

■ Ohio law has been summarized in 69 O.Jur.3d Mortgages, § 151 (1986):

A mortgage of real property does not per se operate as a specific pledge of the rents and profits therefrom. To have that effect the mortgage must expressly include them. But even though a mortgage contains a pledge of rents and profits, and even though the condition is broken, the mortgagor is entitled to them so long as he retains possession. To be entitled to the rents and profits specifically pledged, the mortgagee must have taken possession of the premises or must have taken some action, such as the appointment of a receiver to reduce rents and profits to possession. Where, however, a mortgagee is prevented from taking possession because the estate of the mortgagor has passed into the jurisdiction of the court, ... the mortgagee will, nevertheless, be entitled to the pledged rents and profits collected by the officer of the court, when necessary to fully pay the obligation secured by the mortgage. (Citations omitted).

In the instant proceeding, Peoples had the right, by virtue of the clause in the mortgage, to sequester the rents. The question remaining is as to the manner of enforcing such right. Ordinarily, the method would be by the appointment of a receiver ancillary to a foreclosure suit. *Hutchinson v. Straub, et al.,* 64 O.S. 413, 60 N.E. 602, 603 (1901). The court in *Hutchinson* determined however, that the appointment of a receiver was not the only way to enforce such right and that the distribution

of rents should be determined on equitable grounds. *Id.* 60 N.E. at 603.

*Hutchinson* involved the estate passing into the exclusive jurisdiction of the probate court where no other court could interfere with the probate court's control of the property. The court in *Hutchinson* reasoned that to prevent the mortgagee from receiving the rent from the property would give the property owner the power to defeat the lien against his property by the assignment of his property, a power the property owner does not possess. *Hutchinson*, 60 N.E. at 603.

In *In re Cordesman–Rechtin Company*, 66 Oh.App. 25, 31 N.E.2d 472 (Court of Appeals, Hamilton County, 1940), the court followed *Hutchinson* and adopted the reasoning of *In re Wakey*, 50 F.2d 869 (7th Cir.1931), a bankruptcy case involving the precise issue before this court.

The court in *Wakey* concluded that the trustee in bankruptcy represents all the creditors, secured, preferred and unsecured. The trustee is also the successor of the mortgagor, and as such, collects rents and profits and holds them for the benefit of the creditors. His position is akin to that of a receiver appointed at the instance of a judgment creditor and the money collected is payable to liens in the order of their priority. *Id.* at 869.

Applying Ohio law and the foregoing cases to the instant proceeding, it is clear that Peoples is entitled to the rent collected by the trustee. The actions taken by Peoples to enforce its right to the rents are consistent with the actions taken in *Hutchinson, Cordesman* and *Wakey, supra.* The Debtors' property was under the exclusive control of the bankruptcy court. Peoples requested relief from stay to institute a foreclosure proceeding and that foreclosure proceeding was conducted. During the entire pendency of this bankruptcy case, the trustee was collecting and is holding rents for the benefit of all the creditors. For Peoples to have done or requested anything more to secure the rents would have been a duplication of what the trustee was already doing. Therefore, the moneys collected by the trustee in the form of rent

on real property secured by the mortgage of Peoples should be paid over to Peoples to be applied to the deficiency resulting from the sale of the real property.

■ The court next turns to the question of the exact amount due to Peoples from the trustee. As was previously mentioned, the trustee collected $4,900.00 in rents. Based upon an accounting prepared by the trustee, the court finds that the trustee incurred $910.00 in expenses in his collection of these rents. These expenses arise from the trustee's administration and management of the property. The trustee received and wrote numerous letters in regard to rent collection, filed suit and got a judgment for past due rents. The trustee argues that these costs of administration attributable to the collection of rent should be retained by the trustee and deducted from the rents payable to Peoples. Peoples in its own memorandum admits that the trustee did incur some expenses in making such collections. (Peoples Memorandum p. 1).

11 U.S.C. § 506(c) states:

The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

Clearly, Peoples benefited from the trustee collecting the rents and performing other services in regard to this property. In light of Section 506(c) and Peoples' admission of expenses incurred, the trustee is permitted to retain his expenses incurred in the administration of this property in the amount of $910.00.

■ As for Peoples' liability for the income taxes, it is well settled law that the payment of a debt is income to the debtor for taxation purposes. *Old Colony Trust v. Commissioner*, 279 U.S. 716, 729, 49 S.Ct. 499, 504, 73 L.Ed. 918 (1929); *Helvering v. Minnesota Tea Company*, 89 F.2d 711, 713 (8th Cir.1937), *aff'd* 302 U.S. 609, 58 S.Ct. 393, 82 L.Ed. 474 (1938). Accordingly, the payment of rents to Peoples, on account of a debt, is income to Debtors,

and in this case, Debtors' estate in bankruptcy.

### ORDER

For the reasons set forth in the accompanying Memorandum of Decision, the court finds the Motion for an Accounting and for the payment of money collected filed on behalf of Peoples Savings and Loan Company of Bucyrus, Ohio, to be well taken.

IT IS THEREFORE ORDERED that the moneys collected by the trustee, Josiah L. Mason, in the amount of $4,900.00, minus administrative expenses totalling $910.00, is due and payable, forthwith, to Peoples Savings and Loan Company of Bucyrus, Ohio.