**In re Robert Dana MILLER and Henrietta Clarabelle Miller, Debtors.**

**Bankruptcy No. 91–30390.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 25, 1991.

Randy L. Reeves, Lima, Ohio, for debtors.

Dennis P. Faller, Wapakoneta, Ohio, for Bank.

## OPINION AND ORDER GRANTING MOTION TO SEQUESTER FUNDS

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon motion of the Fifth Third Bank of Western Ohio to sequester funds and Debtors' opposition thereto. Upon consideration thereof, the court finds that said motion is well taken and should be granted and that Fifth Third Bank of Western Ohio is entitled to the rental funds collected by Debtor on and after July 30, 1990, the date of its motion to sequester funds.

### FACTS

On February 4, 1991, Debtors filed their voluntary petition under chapter 11 of title 11. As a result of this court's July 22, 1991, opinion and order denying motion to prohibit use of rental money, the Fifth Third Bank of Western Ohio, National Association (the Bank) filed, on July 30, 1991, a motion to sequester funds (rents and profits). The parties agree that the Bank is the holder of two mortgages on certain real estate, known as Dodge City Restaurant, securing two promissory notes by Dodge City, Inc. and Debtors individually. The mortgage is also secured by:

all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this security instrument. All of the foregoing is referred to in this security instrument as the "property."

The mortgage also provides:

20. Lender in Possession. Upon acceleration under paragraph 19 or abandonment of the Property, Lender (by judicially appointed receiver) shall be entitled to enter upon, take possession of and

manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Security Instrument.

Motion to Sequester Funds, Exhibit E. Debtors, as officers of Dodge City, Inc., transferred to themselves, individually, the real estate in issue. Debtors are renting the property in issue and the Bank contends that the mortgage securing the notes entitles it to these rental monies.

The Bank, in the instant motion, requests an order requiring Debtors to segregate all future collections of rents, cease spending the rents which come into their possession, and place into the segregated account a sum sufficient to cover proceeds from rents. Debtors contend, however, that because the Bank failed to initiate a foreclosure proceeding or the appointment of a receiver in a state court action, attempting to obtain possession of the rents, it is now prohibited from attempting collection pursuant to 11 U.S.C. § 362.

## DISCUSSION

■ Initially, the court notes that disposition of this matter is by reference to state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). The facts in *In Re Sam A. Tisci, Inc.,* 124 B.R. 46 (Bkrtcy.N.D.Ohio 1991), are analogous to those of the instant case. In that case, the secured creditor claimed a right to rents and income, under 11 U.S.C. §§ 363 and 552, resulting from Debtor's default under several mortgages, properly recorded. Initially, the court notes, as did the Honorable Richard L. Speer, in *Tisci,* that the Bank's claim to the rents arises from the mortgages themselves. *See* Motion to Sequester Funds, Exhibits C and E; *Tisci,* 124 B.R. at 48; *In Re Graham Square, Inc.,* 122 B.R. 527, 529 (Bkrtcy.N.D.Ohio 1990) (a mortgage of real property does not per se operate as a specific pledge of the rents and profits therefrom; to have that effect the mortgage must expressly include

them). In the instant case, as stated, the mortgages expressly include the rents attributable to the real estate. *See supra* pp. 883–84. Debtors do not contend that the mortgage was improperly recorded and the court finds that the mortgages have been duly recorded in the county office. Motion to Sequester, Exhibit E. Furthermore, because the rents are included with the lien on the real estate, article 9, as adopted in Ohio, is inapplicable and does not require any further filings by the Bank. *See* O.R.C. § 1309.04(I).

■ Further analyzing the secured creditor's claim to the rents, the *Tisci* court stated that satisfaction of two requirements was necessary before the creditor was entitled to obtain the income from mortgaged property pursuant to § 552(b). *Tisci,* 124 B.R. at 48.

> The first requirement is that a pre-petition security agreement must exist between the plaintiff and the Debtor; the second is that the security interest must be perfected. The court must look to state law to determine whether [the creditor] had the requisite security interest in the income and whether the security interest in the income was perfected.

*Id.* (citation omitted). Having determined that the first requirement was met, the *Tisci* court stated that

> [a] mortgagee can perfect an interest in the rentals and income from mortgaged property in one of two ways: (1) obtain possession, or the right thereto, or (2) have a receiver appointed.

*Id.* at 49 (citing *Jacks v. Virginia Joint Stockland Bank,* 17 Ohio Law Abs. 464, 466 (1934)). Other lien theory states have adopted this conclusion, finding no entitlement to rents absent the fulfilling of one of these conditions. *See Matter of Century Inv. Fund VIII Ltd. Partnership,* 937 F.2d 371 (7th Cir.1991) (under Wisconsin law, a lien theory state, the mortgagor remains the legal owner of the mortgaged property and the mortgagee has only a lien on the property; rather than allowing an immediate transfer of assignment of rents upon default to be self-executing, state law insists that affirmative action to perfect its

interests be taken, to-wit: the commencement of an action in foreclosure and petition for receiver); *Saline State Bank v. Mahloch*, 834 F.2d 690 (8th Cir.1987) (an analysis of Nebraska cases to date clearly demonstrates that it is only upon default that the assignment clause of the security agreement becomes an equitable lien; thereafter Nebraska law requires affirmative action on behalf of the lienholder to perfect such lien); *In Re Johnson*, 62 B.R. 24, 15 C.B.C.2d 367 (9th Cir. BAP 1986) (in the event bankruptcy law precludes a mortgagee from acting under state law, the mortgagee may establish its right by sequestering the rents in the bankruptcy court; such relief can be granted as of the filing date of the petition for sequestration; the substitute procedure of ordering sequestration should not be employed to give greater rights than otherwise in the absence of bankruptcy; thus, we conclude that a creditor may not rely on 11 U.S.C. §§ 363 and 552 in establishing an interest in rents under a mortgage; some affirmative action beyond default in order for a creditor to be entitled to such rents); *In Re Kurth Ranch*, 110 B.R. 501 (Bkrtcy. D.Mont.1990) (mortgagee may secure a security interest in the rents from mortgaged property only by appointment of a receiver, even though, mortgage instrument contains an assignment of rent provisions upon default).

In *Tisci*, the creditor requested and was granted relief from stay in order to permit a state foreclosure action. In connection with that action, a receiver was appointed by the state court. *Tisci*, 124 B.R. at 47. Thus, the *Tisci* court awarded the rents collected and held by the bankruptcy trustee from the date of the receiver's appointment until the present. *Id.* at 49. The bank, pursuant to the mortgage, had the right to sequester rents; "[o]rdinarily the method would be by the appointment of a receiver ancillary to a foreclosure suit." *Matter of Pfleiderer*, 123 B.R. 768, 769 (Bkrtcy.N.D.Ohio 1987) (citation omitted). In *Pfleiderer*, the court found the mortgagee entitled to the rents as it had requested relief from stay to conduct a foreclosure proceeding. *Id.* at 770.

The Bank, as stated, has a perfected security interest in the rents. It has not previously sought enforcement of that right. However, the filing of the instant motion to sequester entitles the Bank to those monies collected by Debtors from the date of the Bank's motion, July 30, 1991. *In Re Park at Dash Point L.P.*, 121 B.R. 850, 853 (Bkrtcy.W.D.Wash.1990) (rents paid prior to enforcement of the assignment of rents escape effect of assignment of rents; until enforcement of an assignment of rents, mortgagee is entitled to the rent payments). *See also In Re Foxhill Place Associates*, 119 B.R. 708, 714 (Bkrtcy.W.D.Mo.1990) (court finds that creditor is entitled to claim the rents from the date of the motion to sequester rents as, after the bankruptcy case was filed and the automatic stay was imposed, this was the only action creditor could take to evidence an intent to take possession or in lieu of actually taking possession). That is,

had bankruptcy and the automatic stay of section 362 not intervened, [the Bank] would have proceeded with its statutory remedies. It would have completed the foreclosure sale and taken possession of the property and the rents already committed to it; or it would have taken action without taking possession, for example, by directly collecting the rents.

*In Re Tucson Indus. Partners*, 129 B.R. 614, 619 (9th Cir. BAP 1991). The court must take those steps "necessary to ensure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy had ensued." *Butner*, 440 U.S. at 56, 99 S.Ct. at 918.

Lastly, 11 U.S.C. § 552(a) provides that property acquired by Debtors' estate, postpetition, is not subject to any lien resulting from a security agreement. However, subsection (b) provides an exception, to-wit:

if the Debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the Debtor acquired before the commence-

ment of the case and to ... rents, or profits of such property, then such security interest extends to such ... rents or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law ...

As stated, the Bank held a perfected security interest in the rents prior to the filing of Debtor's petition. *See supra* p. 884. This security interest extends to the rents collected by Debtors after the filing of the bankruptcy petition. The rents constitute property of the estate. 11 U.S.C. § 541(6). Therefore, because Debtors and the Bank have an interest in the rents, same are considered "cash collateral" as defined in 11 U.S.C. § 363(a). Debtors are, then, prohibited from using the rentals funds, except as provided by § 363, to-wit: the Bank consents or court approval is obtained. *See Tucson Indus. Partners*, 129 B.R. at 618 (once recorded, a security interest, albeit unenforced prior to bankruptcy, is nevertheless effective as against the trustee [or as here, Debtors in possession], whether the collateral be real property or rents); *In Re Somero*, 122 B.R. 634, 640 (Bkrtcy.D.Me.1991) (like § 363(a) itself, its legislative history clearly indicates that rents on which the lender has a valid prepetition lien may be a creditor's cash collateral upon the filing of a bankruptcy petition); *In Re Greenhaven Village Apts. of Burnsville*, 100 B.R. 465, 471, 19 B.C.D. 668 (Bkrtcy.D.Minn.1989) (assignment of rents was properly recorded, constituting cash collateral under §§ 363(a) and 552(b), and which Debtor may not use without creditor's consent or court approval). Debtors have the burden of demonstrating that the Bank is adequately protected; absent this, the rents are cash collateral, property of the bank. *Tucson Indus. Partners*, 129 B.R. at 625. In light of the foregoing, it is therefore

ORDERED that motion of the Fifth Third Bank of Western Ohio, National Association to sequester funds (rents and profits) be, and it hereby is, granted. It is further

ORDERED that Debtors shall segregate and account for the post-petition rents collected on and after July 30, 1991 and are enjoined from using said funds without first obtaining the consent of the Fifth Third Bank of Western Ohio, National Association or the approval of this court.