## Road in Bensalem Township.

1. The Court of Quarter Sessions, under the general road laws, has power to adopt either the report of the jury of view, or that of the jury of review. In approving one rather than the other the court does not pass on the subject of damages.

2. In cases where the first and second jury report the same road, but differ only in the assessment of damages, the court cannot adopt the first in preference to the second assessment; for to such a choice their discretion does not extend.

CERTIORARI to the Court of Quarter Sessions of *Bucks County*. Opinion of the court by

STRONG, J.—Under the general road laws the Court of Quarter Sessions has power to adopt either the report of the jury of view, or that of the jury of review: *Buckwalter's Road*, 3 S. & R. 236; *Backman's Road*, 1 Watts, 400. Both the view and review are for the purpose of informing the conscience of the court, and therefore either or both may be rejected. In approving one rather than the other, the court does not pass upon the subject of damages awarded to the land owners, for with them the juries of view and review have nothing to do. Damages are assessed by a distinct proceeding, and, as it has been held that there is no power to grant a review of an assessment of damages (8 Watts, 178), as to them there is no opportunity to choose between a report of a jury of view, and one of review. But the act of April 23, 1857, entitled "An act to amend the road laws of Bucks County," has made very considerable changes in the law applicable to roads in that county. It has imposed upon juries of view and review, not only the duty of laying out and reporting the proposed new road, if they shall deem there is occasion for it, but also the duty of assessing the damages that may be caused by it to land owners through whose property it may pass. Under this local system, therefore, there is to be an assessment of damages with every

[Road in Bensalem Township.]

view and review, and it is to be returned as a constituent part of every report. One object of the legislature, in requiring that the viewers of the road shall also assess the damages if they report favorably to the road, doubtless was to assist the court to judge whether the public convenience requires it, sufficiently to warrant the payment of the damages which it may cause. Whether that be so or not, an assessment is peremptorily required with every view and review. In *Durnall's Road*, 8 Casey, 383, it was ruled that under a statute quite similar, enacted for Chester County, objections to the amount of damages assessed by the jury may be a ground for a review. The meaning of this is that any land owner, dissatisfied with the assessment of his damages, may petition for a review. Of course the review extends to the entire action of the viewers, in laying out the road and estimating the damages. It must happen, therefore, that different sums may be assessed by successive juries, a thing not possible under the general road law; and when the jury of review lays out a different road from that laid out by the jury of view, the discretion vested in the court to adopt one report rather than the other, necessarily includes the power to affirm one assessment of damages in preference to the other; for the assessment is inseparable from the report. But such is not this case. Both the jury of view and that of review reported the same road, and their reports differ only in the sum assessed for the damages of Mrs. Bilborough. There was no room, therefore, for the exercise of a discretion in the choice between different routes for the proposed road. A choice between the reports had no other effect than a selection of one assessment rather than the other. Under the general road law, no such discretion was vested in the court, and we do not think it exists under the local system provided for Bucks County. In "Durnall's Road," it was said, the special law did not change the general law, except so far as it is inconsistent with it, and so far as change becomes necessary in order to adapt the new to the old, of which it is made a part.

Even if it were a matter of discretion, we are of opinion that the selection should not have been made without *actual* notice to Mrs. Bilborough. True, she had petitioned for a review. That was a mode of opposition to any road at all. She ought not to have been held under obligation to move for the confirmation of either report. If confirmation of either was desired by the applicants for the road, she should have been warned by a rule to show cause, especially under the circumstances of this case. She may have been misled, and probably was, by the collateral issue between the petitioners for the road and the county, and this is the more probable, as no exception was taken to the amount reported in her favor by the jury of

review. In that issue she had no interest. To her it was a matter of indifference whether the damages were paid by the petitioners for the road, or by the county. When the petitioners were ordered to pay them the public ceased to have any interest in the amount of the assessment, and not till then could Mrs. Bilborough have taken any action. But contemporaneous with that order, and without any further notice to her, was the adoption by the court of the report of viewers, in other words, was the selection of the first assessment. Even if the court had the power to make such a choice, we think it was unduly exercised. But in cases where the first and second jury report the same road and differ only in the assessment of damages, our opinion is, that the court cannot adopt the first in preference to the second assessment. To such a choice their discretion does not extend, for the assessment, unlike the report upon the necessity of the road, is not for the information of the judicial conscience. If the road be approved, it must be with the damages last assessed.

The order of the Court of Quarter Sessions is reversed, and the record is remitted with a *procedendo*.