Rudolph Levin, Appellee, v. Louis Z. Goldberg et al., Defendants.
Appeal of Trustee System Reinco Company, Appellant.

Gen. No. 33,290.

Opinion filed November 6, 1929.

Edward C. Wurtele, for appellant; Norman A. Beck, of counsel.

William B. Berger, for Abraham L. Himelblau, Receiver.

Mr. Justice Ryner delivered the opinion of the court.

The complainant, on December 29, 1927, filed his bill in chancery, in the circuit court of Cook county, to foreclose a junior mortgage. The bill was in the usual form, charging certain defaults and praying for a foreclosure and the appointment of a receiver. A receiver was appointed, without the complainant complying with the statutory requirements, but no question is raised about the propriety of his appointment. The sole question presented by this appeal is whether the trial court erred in ordering the Trustee System Reinco Company, in a summary proceeding, to pay to the receiver the sum of $1,001.07 representing rents which were due and collected prior to the receiver's appointment.

The appellant, Trustee System Reinco Company, contends that the receiver had no greater right to these monies than if they had been collected and retained by the owner of the property. The appellee concedes that if the monies in question had come to the hands of the owner neither the receiver nor the mortgagee would have any valid claim to them. But, he contends that, even if the Trustee System Reinco Company was the duly authorized agent of the owner, the receiver was entitled to the monies because they had not yet been turned over to the owner at the time of the receiver's appointment. He makes the further point that the proof failed to show any authority from the owner to the Trustee System Reinco Company to collect the rents and out of them to retain commissions and reimburse itself for proper disbursements made in connection with the management of the property.

Bearing upon the latter point the bill contains an allegation as follows:

"Your orator further represents that subsequent to the execution of the trust deed herein sought to be foreclosed, the defendant, Louis Z. Goldberg, did enter into a certain agreement with the Trustee System Reinco Company, formerly Trusco Agency Service Company, which said agreement is in words and figures the following."

The agreement, which contained ample authority for the Trustee System Reinco Company to retain the monies in question as against the owner is then set out in *haec verba*. It is signed, "Louis Z. Goldberg, (Seal)

By A. Goldberg."

The bill further alleged that the Trustee System Reinco Company had collected rents from the premises in question, under the agreement set out in the bill, which it retained, claiming certain interest therein, and praying that these rents be ordered paid to the receiver.

The bill was sworn ᴏo by an agent of the complainant as being true in substance and in fact.

Despite these allegations in the bill of complaint the court, upon a petition of the receiver and answer of the Trustee System Reinco Company, setting up and relying upon the agreement between itself and the owner and further stating that it had collected no rentals subsequent to several weeks prior to the appointment of the receiver, ordered the Trustee System Reinco Company to pay to the receiver the monies in question. What occurred, other than the entry of the order, upon this hearing, is not disclosed by the record. The bill was not amended by eliminating the allegations, above referred to, or changing them in any respect.

The provision in a trust deed, pledging the rents, issues and profits is for the sole purpose of providing

a secondary fund or security to protect the mortgagee against loss in the event that upon foreclosure and sale there is a deficiency. Until the mortgagee takes possession or procures the appointment of a receiver he has no better claim to the rents than a stranger. Until he takes such action the owner may permit any person whether duly authorized in writing or otherwise to collect the rents and retain, from the amounts collected, commissions and disbursements. It is his money and he may do with it as he pleases.

The chancellor found that the sum of $1,001.07, according to the books and statements of the Trustee System Reinco Company, consisted of two items, i. e., a loan to Abe Goldberg of $550 and commissions amounting to $451.07. He refused to allow either item and denied the petition of the Trustee System Reinco Company for an order upon the receiver to return to it the entire amount. Upon the hearing he declined to admit in evidence the agreement until proof was made of authority on the part of A. Goldberg to execute it on behalf of the owner, Louis Goldberg. Proof in this respect not being forthcoming objection to the admission in evidence of the document was sustained. This ruling was made despite the sworn allegation of the bill that the owner entered into the agreement with Trustee System Reinco Company and that the monies in question consisted of rents collected under it. A witness for the petitioner, whose testimony was uncontradicted, stated that the loan of $550 to A. Goldberg was for the purpose of making a payment upon the second mortgage upon the property being foreclosed.

A strong inference arises, from the pleadings and all the facts and circumstances appearing in the record, that the owner had knowledge of and consented to the collection of the rents and the disposition made of them by the Trustee System Reinco Company. So far as the record discloses he did not appear in the

cause to contest the company's claim or to testify on behalf of the receiver.

The receiver was appointed on December 30, 1927. The order, without any finding that the Trustee System Reinco Company had collected any rents from the property, ordered the company to pay over to the receiver all monies on hand on account of rents collected by it. This formed the basis for the subsequent proceedings. It appears that the last collections of rent by the company were made on December 10, 1927, and for that month, no collections of rent in advance having been made.

Neither the receiver nor the mortgagee, under the trust deed or any law, had any valid claim to the rents in question. If the agreement relied upon by the Trustee System Reinco Company was recognized by the owner as binding upon him then the company was authorized to act as it did. If the company acted without the knowledge or authority of the owner, it became liable to account to him as an agent *de son tort,* and to no one else. Even if the company was wholly without right to collect the rents and disburse the monies so collected, that would not confer a right upon either the receiver or the mortgagee which did not otherwise exist.

For the foregoing reasons, the order of the circuit court of Cook county, entered on November 19, 1928, denying the petition of the Trustee System Reinco Company for a return of the sum of $1,001.07 theretofore paid to the receiver pursuant to order of court, is reversed and the cause is remanded with directions to that court to enter an order directing the receiver to pay over and return said sum of $1,001.07 to said Trustee System Reinco Company.

*Order reversed and cause remanded with directions.*
Wilson, P. J., and Holdom, J., concur.