State Bank and Trust Company, Appellant, v.
Josephine A. Massion et al., Appellees.

Gen. No. 37,753.

Opinion filed
February 25, 1935.

POPPENHUSEN, JOHNSTON, THOMPSON & COLE, of Chicago, for appellant; JAMES W. HYDE, MAX BLOOMSTEIN, JR., and ALBERT E. JENNER, JR., all of Chicago, of counsel.

Jacob G. Grossberg, Lewis W. Cohn and Frederick A. Smith, all of Chicago, for certain appellee.

Mr. Justice McSurely delivered the opinion of the court.

In a foreclosure proceeding the court ordered certain rentals, amounting to $2,052.04, deposited with the clerk of the court, to be paid to the owner of the equity, Josephine A. Massion, defendant; complainant appeals from this order, claiming it was entitled to this money. The court also ordered that certain taxes aggregating $10,696.60 be paid out of rentals in the hands of the clerk, and defendant has filed a cross-appeal asserting that this should have been awarded to her.

The position of defendant is that as she was the owner of the equity of redemption, in possession, and no receiver was appointed, she was entitled to the rents from the premises until a decree had been entered, citing *Rohrer v. Deatherage*, 336 Ill. 450, and other cases. Complainant's position is that defendant was practically a receiver, appointed by order of the court, which had the premises under its control; that defendant as mortgagor being in default, the court properly ordered the taxes paid and should have ordered the balance in the hands of the clerk paid to it.

November 30, 1931, complainant filed its bill to foreclose the lien of a trust deed securing bonds aggregating $155,000, alleging certain defaults, acceleration of the maturity of the indebtedness, that the rents, issues and profits were conveyed by the trust deed, and alleging upon information and belief that the property was worth not to exceed $130,000. The bill asked for the appointment of a receiver.

Upon notice to defendant December 1 complainant moved the court to appoint a receiver of the premises involved, and in support of the motion presented its verified bill of complaint.

Defendant's counsel asked that the motion for a receiver be continued to January 4, 1932, and thereupon the court ordered that the defendant deposit with the clerk of the court the entire gross rental and income of the premises beginning December 1, 1931, and that none of the expenses of the building should be paid except by order of court.

December 12, 1931, defendant presented her petition to the court in which she recited the order of the court directing her to collect rentals from the tenants and to manage and operate the property and to deposit the rentals so collected with the clerk of the court, and that in pursuance of such instructions she had continued the management and operation of the building and collected the rents; the petition gave a list of the tenants and further stated that Baird & Warner, rental agents, had been collecting rents of the building and had made certain expenditures; that defendant had requested Baird & Warner to pay over the balance in its hands but it had refused to do so, and defendant asked the instructions of the court for an order concerning the disposition of the moneys held by Baird & Warner. The petition also presented a statement as to purchases of coal and other expenses in connection with the operation of the building. Attached to the petition was a copy of a letter sent to Baird & Warner narrating the foreclosure proceedings and the order of the chancellor directing the petitioner to collect the rents.

The court thereupon, on the same day, entered an order pursuant to the petition, ordering defendant to turn over the moneys in her hands to the clerk of the court to await the further orders of the court, and also ordering that Baird & Warner forthwith deliver to the defendant, or the clerk of the court, all the moneys received from the tenants of the building; the defendant was also ordered to pay the janitor's wages, electric light costs, and for coal.

· The motion for the appointment was continued from time to time.

Other petitions were filed by the defendant asking instructions as to expenses in connection with the building, and the court ordered that she should continue as theretofore directed by order of the court, and the payment of the expenses was ordered. Similar petitions were filed, and orders were entered in January, February and March, in which the defendant was authorized to pay expenses of the building.

May 5, 1932, defendant filed a further report of rents collected, using the following language:

"Said petitioner further represents that on December 1st, 1931, an application for the appointment of a receiver for said property was made before this Court, and, after being fully advised in the premises, the Court directed and ordered that in lieu of any receiver the said defendant proceeded to manage and operate said property, collect the rents, and do all other necessary things required in and about the care and conservation of said property and, pending determination of this cause, that said defendant caused to be deposited with the Clerk of this Court the net proceeds of the rents collected."

In June the trustee asked for an order on the clerk to pay out of rentals deposited with him certain taxes, which was ordered, the record showing that defendant agreed to the entry of such order.

Defendant failed to make deposit of the rentals with the clerk for the month of October, 1932, and on November 29th complainant filed a petition asking that the balance of the money in the hands of the clerk be turned over to it and that the defendant be required to give a bond to make the monthly deposits of the rentals, or, in the alternative, that a receiver be appointed; an order was thereupon entered, upon the request of the defendant, that upon her giving a bond in the sum of $4,000, conditioned on her accounting to

the complainant for the rentals of the property, she be allowed further to retain possession.

Defendant failed to give such bond, and on December 15th she and her husband assigned the rents of the property to complainant and placed the property in complainant's possession.

Subsequently, in August, 1933, upon petition by complainant the court ordered certain taxes on the premises to be paid out of the funds in the hands of the clerk.

January 3, 1934, the bill to foreclose was referred to a master in chancery; subsequently complainant filed a petition asking that defendant be ordered to account for rentals collected for the period from March 1, 1932, to December 31, 1932, and asking that the clerk of the court turn over to complainant the balance of the rentals in his hands; answers were filed to the petition, which was also referred to a master in chancery; the clerk reported that he had in his hands a balance of $2,052.04.

Defendant also filed a petition setting up that she was the owner of the equity of redemption; that under an order of court she had deposited the rentals of the property with the clerk; that the total deposited with the clerk was $12,748.64; that $10,696.60 was paid out for taxes, leaving in the hands of the clerk $2,052.04; defendant asked that she be paid the entire sum deposited with the clerk; a hearing was had before the master on the merits of the foreclosure cause and also upon the petitions of complainant and the cross petition of defendant.

June, 1934, the master filed his report, finding the issues on the foreclosure suit in favor of complainant, recommending a decree, and that the property be sold, also finding that defendant was not entitled to any part of the rentals deposited with the clerk and that complainant was entitled to the balance of the fund.

Defendant filed objections, which were overruled, and which were filed as exceptions.

The chancellor sustained the defendant's exception to the finding that complainant was entitled to the balance of rentals and the exception to the finding that defendant should account for rentals from March to December, 1932, and ordered that the sum of $2,052.04, balance in the hands of the clerk, should be paid to the defendant.

While it is true that the owner of the equity of redemption is entitled to the rents of the mortgaged premises until the mortgagee takes actual possession or until a receiver is appointed and takes possession, yet, viewing the proceedings heretofore noted, the conclusion is manifest that the order of the court that defendant should remain in possession of the premises, collect the rents, deposit them with the court, pay expenses of operation under orders of the court, was in practical effect the appointment of a receiver by the court. While there was no formal order appointing a receiver, the order entered had all the practical effect of the appointment of a receiver and it was understood that defendant was to act as a receiver. In one of defendant's petitions she recites that the order to her to manage the property was "in lieu of any receiver."

*Hall v. Goldsworthy,* 136 Kan. 247, involves, in principle, a similar situation to that here presented. In that case, during the pendency of a foreclosure suit it was stipulated that the rent might be held by a Mr. Glasco pending the determination of the cause; the question arose as to whether the owner of the equity of redemption or the complainant trustee was entitled to these rents. The court held that the trustee was not entitled to the rents until he had by appropriate proceedings in court, such as through a receiver, taken possession. The court held, however, that it does not necessarily follow that this is the only remedy, say-

ing: ''Any proper procedure which would empower the court to control the rents and profits would be sufficient to vest the mortgagee with the title thereto, which must, of course, be applied on the mortgage indebtedness.'' The court said that the agreement that Glasco should collect and hold the rents had the practical effect of the appointment of a receiver by the court. In *Hutchinson v. Straub,* 64 Ohio St. 413, the mortgagor of certain premises made an assignment for the benefit of his creditors; the court ordered the rents collected by the assignee to the date of sale paid to the mortgagee. The opinion, after noting that ordinarily the mortgagee could sequester the rents by the appointment of a receiver in a foreclosure suit, said that this was not the only way—that the rents being in the custody of the court, their distribution should be determined on equitable principles; that it made no difference that the fund was acquired by an assignee ''rather than by the appointment and action of a receiver, for, to all intents and purposes obtaining in the present case, there is no essential difference between the two. Each is an arm of the court for the purpose of working out the rights, equitable as well as legal, of the parties. And the mortgagee having the right to resort to the rents as well as to the land itself for the satisfaction of its debt, a refusal to make such application of the fund would have been a denial of that right.'' Also supporting the principle that, so long as the court has control of the income it is immaterial by what form such control is obtained, are *First Savings Bank & Trust Co. v. Stuppi,* 2 F. (2d) 822, and *Atlantic Trust Co. v. Dana,* 128 Fed. 209.

Complainant's motion to appoint a receiver was continued at the request of the defendant, and it is a fair presumption that permission given her to remain in possession, operating the building, was pursuant to her request, and that this should be allowed in lieu

of the appointment of a receiver. It is also a fair presumption that if she had not been permitted, under orders of the court, to operate the building and to account for the rents, a receiver would have been appointed. The record is consistent only with the fact that the rents were collected by defendant and paid to the clerk to obviate the expense of the appointment of a receiver and for the purpose of making them amenable to any claim complainant might have thereon under the terms of its trust deed.

Defendant questions the showing made in the bill as ground for the appointment of a receiver. The bill in effect alleges that the land is worth approximately $25,000 less than the mortgage indebtedness. Moreover, the defendant in consenting to her appointment to operate the building in lieu of a receiver, virtually admitted the necessity for a receivership.

Defendant also says that the clerk was merely a depository and the funds in his hands were not in the control of the court and subject to its orders. It has been the universal practice that when the court directs money to be paid to its clerk he receives and holds it in his official capacity and can only dispose of it on the order of the court. *Baltimore & O. R. Co. v. Gaulter*, 165 Ill. 233; *People v. McGrath*, 204 Ill. App. 169, affirmed on this point in 279 Ill. 550.

There is no merit in the contention that complainant made no motion for the appointment of a receiver. The bill itself contained such a motion and the petitions and reports of defendant are replete with references to such a motion.

Treating the possession and maintenance of the premises by the defendant as the equivalent of possession by a receiver, the question is, What is an equitable distribution of the funds collected by her and deposited with the clerk? Defendant asked for a repayment to her of the sums paid for taxes. She is on

record as assenting to one payment and is in no position to object to the other payment. Complainant would have been entitled to an order on a receiver to pay these taxes, and, as we have said, defendant was virtually acting as a receiver. She therefore cannot question the payment of the taxes.

It follows from what we have said that defendant was not entitled to the balance of the fund left in the hands of the clerk. By the trust deed the rents and profits were conveyed to the complainant, and after the court took possession of the property by the defendant it was entitled to the application upon its debt of the rents collected.

Complainant in its petition asked that the defendant be required to account for the rents collected by her, with a report of disbursements for the months from March to December, 1932, both inclusive. The petition asserts that the report covering this period was unexecuted and unverified, and that no order was ever entered approving said purported reports. The court should have required a report covering this period and should have passed upon it.

The defendant says that part of the rentals deposited with the clerk by her consists of collections, made by her or her agent, of rents which had accrued prior to December 1, 1931. Defendant is entitled to such rentals, less any obligation for expenses incurred prior to December 1.

Complainant should be given all rentals falling due December 1, 1931, and thereafter, which are in the hands of the clerk. Defendant should receive credit on account of the debt for the amount of rentals given to complainant.

For the reasons indicated the orders authorizing the payment of taxes are affirmed, but the order of July 10, 1934, in so far as it finds the balance of $2,052.04 in the hands of the clerk is the property of defendant

and the clerk ordered to pay this sum to her, is reversed.

The cause is therefore remanded for further proceedings in accordance with what we have said in this opinion.

*Affirmed in part, reversed in part and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.