**In re J.D. MONARCH DEVELOPMENT COMPANY, Debtor.**

**The BANK OF EDWARDSVILLE, Plaintiff,**

**v.**

**J.D. MONARCH DEVELOPMENT COMPANY, and Stephen R. Clark, Trustee, Defendants.**

**Bankruptcy No. BK 91–30287. Adv. No. 92–3073.**

United States Bankruptcy Court, S.D. Illinois.

May 5, 1993.

seeks an accounting and turnover of rents collected from the mortgaged real estate during the course of the debtor's bankruptcy case. The Bank contends that it is entitled to the rents under assignment of rent provisions contained in its mortgages and that recording of these mortgages gave it a perfected lien on the rents generated by the property. The trustee objects that the rents collected after bankruptcy belong to the debtor as property of his bankruptcy estate because the Bank took no affirmative action to be placed in possession of the property as required under Illinois law relating to mortgage foreclosures.

The facts are undisputed. J.D. Monarch Development Co. ("debtor") filed a Chapter 11 reorganization case in March 1991 and became debtor-in-possession of the real estate subject to the Bank's mortgages. Prior to and during the Chapter 11 proceeding, an apartment management firm collected rents from this property and turned them over to the debtor for accounting and administration. In January 1992, the debtor defaulted on its mortgage obligations to the Bank, and the Bank sought and obtained relief from stay in order to commence foreclosure proceedings in state court. In September 1992 the property was sold at judicial sale upon foreclosure. The state court found that a deficiency of $199,535.72 existed between the sale proceeds and the amount of the debtor's obligations to the Bank.

On February 13, 1992, shortly after the Bank obtained relief from stay, the debtor converted to a Chapter 7 proceeding. Rents from the debtor-in-possession account were turned over to the Chapter 7 trustee, and the apartment management firm continued to collect rents from the property until the foreclosure sale in September 1992.[1]

Following the sale, the Bank filed this action to recover rents held by the trustee

Donald L. Metzger, Edwardsville, IL, for plaintiff.

Harold G. Belsheim, Belleville, IL, for defendant.

Stephen R. Clark, Belleville, IL, trustee.

### OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

The Bank of Edwardsville ("Bank"), mortgagee of the debtor's real estate,

---

**1.** At the time of conversion on February 13, 1992, the amount of rents in the debtor-in-possession account was $50,655.49. The parties do not indicate the total amount of rents held by the trustee, including those collected during the Chapter 7 proceeding prior to sale of the property.

to be applied to the deficiency remaining on its mortgages. The Bank's mortgages, which were recorded prior to the debtor's bankruptcy filing, provided in relevant part regarding rents from the mortgaged property:

> Grantor presently assigns to lender all of grantor's right, title, and interest in and to the rents from the real property.

> . . . .

> This mortgage, including the assignment of rents . . ., is given to secure payment of the indebtedness and performance of all obligations of grantor under the note and this mortgage. . . .

> . . . .

> Until in default, grantor may remain in possession and control and operate and manage the property and collect the rents from the property.

> . . . .

> [Upon default], [l]ender shall have the right, without notice to grantor, to take possession of the property and collect the rents, . . . and apply the net proceeds, . . . against the indebtedness.

In seeking turnover of the rents, the Bank asserts that it was not required to obtain possession of the real estate to be entitled to these rents because the rents were being collected during bankruptcy by the debtor-in-possession and the apartment management firm under authority of the court and subject to court control. The Bank contends that any action on its part to seek possession of the property or appointment of a receiver during bankruptcy would have been superfluous and that the Bank's failure to obtain possession did not affect its perfected lien on the rents.

■ Section 552(b) of the Bankruptcy Code extends a prepetition security interest in "proceeds, product, offspring, rents, or profits" of a debtor's property that is subject to a security agreement to those ac-

quired by his estate after the bankruptcy filing "to the extent provided by such security agreement *and by applicable non-bankruptcy law.*" 11 U.S.C. § 552(b) (emphasis added).[2] Under § 552(b), in order to be entitled to rents assigned pursuant to a mortgage of real estate following the mortgagor's bankruptcy filing, the assignee must comply with state law prerequisites for obtaining such rents.

■ Illinois law recognizes the validity of an assignment of rents included in a mortgage of real estate. *In re Woodstock Assocs. I, Inc.*, 120 B.R. 436, 446 (Bankr. N.D.Ill.1990). Such an assignment creates a security interest in rents that is perfected as to third parties upon recording of the mortgage in the real estate records. *See Kahn v. Deerpark Inv. Co.*, 115 Ill.App.2d 121, 253 N.E.2d 121, 124 (1969). As between the mortgagee and the mortgagor, however, the mortgagee is not entitled to the rents until the mortgagee or a receiver appointed on the mortgagee's behalf has taken actual possession of the real estate after default. *Rohrer v. Deatherage*, 336 Ill. 450, 454, 168 N.E. 266 (1929); *Metropolitan Life Ins. Co. v. W.T. Grant Co.*, 321 Ill.App. 487, 499, 53 N.E.2d 255 (1944); *Taylor v. Osman*, 239 Ill.App. 569, 574 (1926); *see De Kalb Bank v. Purdy*, 166 Ill.App.3d 709, 117 Ill.Dec. 606, 610, 520 N.E.2d 957, 961 (1988). This is so even though the mortgage instrument contains a specific pledge of the rents, as "[t]he mortgage does not create a lien upon rents . . . to the same extent that it creates a lien upon the land." *Taylor*, 239 Ill.App. at 574; *see Levin v. Goldberg*, 255 Ill.App. 62, 64–65 (1929) (inclusion of rents in a mortgage is for the purpose of providing secondary security to protect the mortgagee in the event of a deficiency.) Rather, the inclusion of rents in a mortgage merely gives the mortgagee the right to collect rents as an incident of possession of the mortgaged property, and the mortgagee, after default, must take affirmative action to be placed in possession of the property

---

**2.** Section 552(b) is an exception to the general rule that property acquired by the estate or the debtor after commencement of the case is not subject to any prepetition security interest. *See* 11 U.S.C. § 552(a).

to receive such income.[3] *Grant*, 321 Ill. App. at 499, 53 N.E.2d 255; *see* 27 Ill.L. & Prac. *Mortgages*, § 118 (1956).

■ The requirement that a mortgagee enforce its lien on rents by possession of the real estate renders an assignment of rents different from security interests in other property. Typically, a perfected lien gives the creditor an interest in a specific piece of property, whereas an assignment of rents allows the mortgagee to collect rents that come due after the mortgagee takes control of the property. *See In re KNM Roswell Ltd. Partnership*, 126 B.R. 548, 553 (Bankr.N.D.Ill.1991). To obtain the benefits of possession in the form of rents, the mortgagee must also accept the burdens associated with possession—the responsibilities and potential liability that follow whenever a mortgage goes into default. The mortgagee's right to rents, then, is not automatic but arises only when the mortgagee has affirmatively sought possession with its attendant benefits and burdens. *See Matter of Michigan Ave. Nat'l Bank*, 2 B.R. 171, 185–86 (Bankr. N.D.Ill.1980); *see also In re Raleigh/Spring Forest Apartments Assocs.*, 118 B.R. 42, 44–45 (Bankr.E.D.N.C.1990).

■ The Bank in the present case relies on a 7th Circuit decision under the former Bankruptcy Act, *In re Wakey*, 50 F.2d 869 (7th Cir.1931), to support its assertion that once the debtor filed its bankruptcy petition, the Bank was entitled to rents collected by the debtor-in-possession and the trustee without the necessity of pursuing its state law remedy of possession. The *Wakey* court, applying a "federal rule of equity," held that the bankruptcy trustee's collection of rents during bankruptcy was for the benefit of secured as well as unsecured creditors. *Id.* at 872. The court reasoned that since the bankruptcy trustee, like a state court receiver, was appointed by the court and under its jurisdiction, rents collected by the trustee were payable to the mortgagee even though the mortgagee had taken no steps to enforce its lien and would not, except for the intervention of bankruptcy, have been entitled to the rents. *Id.*

The Supreme Court, in *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), expressly rejected the *Wakey* rule and adopted the position held by a majority of circuit courts that state law applied in bankruptcy court to determine a mortgagee's entitlement to post-petition rents. *Butner*, 440 U.S. at 53–54, 99 S.Ct. at 917–18. In ruling that a mortgagee had no "automatic" interest in rents upon the mortgagor's bankruptcy if state law would require affirmative action for recognition of these rights, the *Butner* court repudiated the *Wakey* court's reasoning that collection of rents by the trustee in bankruptcy was equivalent to possession by a state court receiver. *See Butner*, 440 U.S. at 56, 99 S.Ct. at 918.

■ As a result of *Butner*, the *Wakey* rule is no longer valid, and the Bank's reliance on this decision is misplaced.[4] A

---

3. The procedure for obtaining possession as mortgagee-in-possession or through appointment of a receiver is set forth in Ill.Rev.Stat., ch. 110, par. 15–1701 *et seq.* (1991) (now 735 ILCS 5/15–1701 *et seq.* (1992)). Section 15–1703 provides that a mortgagee placed in possession has

> such power and authority with respect to the [mortgaged real estate], including the right to receive rents, issues and profits thereof, as may have been conferred upon the mortgagee by the terms of the mortgage....

Ill.Rev.Stat., ch. 110, par. 15–1703 (735 ILCS 5/15–1703). Likewise, a receiver appointed at the request of a mortgagee entitled to possession collects rents, issues and profits from the mortgaged real estate, giving the mortgagee a specific lien on the rents to satisfy any deficiency. *See* Ill.Rev.Stat., ch. 110, pars. 15–1702, 15–1704

(735 ILCS 5/15–1702, 5/15–1704); 15 Ill.L. & Prac., *Mortgages* § 346 (1956).

4. Likewise, the Court finds unpersuasive the cases cited by the Bank that follow the discredited *Wakey* rationale. *See Fidelity Bankers Life Ins. Co. v. Williams*, 506 F.2d 1242 (4th Cir. 1974); *Matter of Pfleiderer*, 123 B.R. 768 (Bankr. N.D.Ohio 1987). Interestingly, although the *Pfleiderer* case was decided after *Butner*, application of Ohio law relating to a mortgagee's right to rents led to the same result as in *Wakey* because an earlier decision by the Ohio courts had adopted the reasoning of *Wakey* that a bankruptcy trustee collects rents for the benefit of all creditors.

mortgagee with an assignment of rents is in no better position in bankruptcy court than under state law and may not, without taking some action to assert its lien on the rents as required by state law, rely on the trustee's collection of rents to enforce the mortgagee's interest. A trustee or debtor-in-possession, who has the status of a trustee, stands in the shoes of the debtor and, in collecting and accounting for assets of the debtor's estate, asserts the debtor's rights as of the commencement of the case. *See* 11 U.S.C. § 541(a)(1) (estate consists of all legal and equitable interests of the debtor as of the commencement of the case). To the extent, then, that the debtor's possession of mortgaged real estate is left undisturbed by the mortgagee, the trustee collects rents for the benefit of the estate rather than for the mortgagee as secured creditor. *See* 11 U.S.C. § 541(a)(6) (postpetition rents from property of the estate are included as part of the debtor's estate.) In the present case, rents collected by the apartment management firm were turned over to the debtor-in-possession and the trustee as representatives of the debtor's estate, and the Bank, having made no claim to the rents during administration of the case, cannot now contend that these representatives acted on its behalf in collecting the rents.

The Bank, citing *DeKalb Bank v. Purdy*, 166 Ill.App.3d 709, 117 Ill.Dec. 606, 520 N.E.2d 957 (1988), argues that Illinois law does not require the formal appointment of a state law receiver before a mortgagee is entitled to rents as against a defaulting mortgagor. It is sufficient, the Bank contends, if the disputed rents are placed in the custody of the court which, in this case, occurred when the debtor filed its bankruptcy petition.

*Purdy* is distinguishable from the present case in that the mortgagee there took affirmative action to enforce its right to rents assigned pursuant to a mortgage. Following the mortgagor's default, the mortgagee bank sought and obtained an injunction which restrained the mortgagors from disposing of any rents to be received by them from the mortgaged property and further required that proceeds of crops harvested from the property be filed with the clerk of the court along with a full accounting. *See Purdy*, 117 Ill.Dec. at 609, 520 N.E.2d at 960. Addressing the mortgagors' contention that they were entitled to the rents deposited with the court because the mortgagee had failed to take possession of the property or obtain formal appointment of a receiver, the *Purdy* court noted that the injunctive order served to accomplish the objectives of receivership by placing the disputed rents in the possession of the court pending a final determination of the parties' rights to the rents. *Id.* at 611, 520 N.E.2d at 962.

The *Purdy* court cited the case of *State Bank & Trust Co. v. Massion*, 279 Ill.App. 234 (1939), in which, following the mortgagee's application for appointment of a receiver pending foreclosure, the court ordered the mortgagor to collect and deposit rental income with the clerk of the court and to pay expenses of operation only as ordered by the court. The *Massion* court found that this procedure was sufficient to divest the mortgagor of its rights as against the mortgagee because the court's order "was in practical effect the appointment of a receiver by the court." *Id.* at 239. The court, stating that the funds were in the court's control and subject to its orders, specifically noted that the mortgagee had moved for appointment of a receiver and that the procedure followed was in lieu of such an appointment. *Id.* at 241.

Unlike the mortgagees in *Purdy* and *Massion*, the Bank here took no action to gain control over the rents despite having obtained relief from stay to proceed with foreclosure of the property. While the debtor's bankruptcy filing created an estate to be administered by the debtor-in-possession and the trustee under authority of the Court, it did not alter the relationship between the Bank and the debtor regarding possession of the mortgaged property. Rather, absent action by the Bank to enforce its assignment of rents, the debtor was entitled to receive rents from the property until being divested of possession by sale of the property upon foreclosure. *See*

Ill.L. & Prac. *Mortgages,* § 471 (1956); *see also* Ill.Rev.Stat., ch. 110, pars. 15–1508(b), 15–1701(d) (1991). The Bank did nothing, as in *Purdy* and *Massion,* to obtain a court order equivalent to a state court receivership but, instead, allowed the trustee and debtor-in-possession to collect rents for the bankruptcy estate as successors to the debtor's interest. It cannot be said, therefore, that this collection of rents enforced the Bank's lien on the rents, and the Court, accordingly, rejects such contention by the Bank.

 The Bank, as mortgagee of the debtor's real estate with a perfected security interest in rents, did not lose its perfected status by reason of the debtor's bankruptcy filing. *See* 11 U.S.C. § 552(b); *In re Park at Dash Point L.P.,* 121 B.R. 850, 860 (Bankr.W.D.Wash.1990). The Bank's perfected interest in the rents, although unenforced against the debtor, constituted an interest sufficient to render the rents cash collateral under § 363(a).[5] Thus, to the extent the automatic stay precluded enforcement of the Bank's right to rents upon the debtor's default, the Bank was entitled to adequate protection of its interest to avoid dissipation of subsequently accruing rents by the debtor. *Dash Point* at 860.

However, the Bank here sought relief from stay upon the debtor's default, and the Court granted such relief to allow the Bank to pursue its state law remedies. If the Bank had wished to gain entitlement to the rents from the mortgaged property pending completion of the foreclosure sale, it could have sought abandonment of the property from the estate in order to exercise its right under state law to be placed in possession of the property and collect the rents on its own behalf. *See* Ill.Rev.Stat., ch. 110, par. 15–1701(b)(2) (1991). Having elected to pursue its state law remedy of foreclosure, the Bank could not rely on the trustee and debtor-in-possession to assert

its interest by collection of the rents and thus claim the benefits of possession without accepting the obligations and burdens of possession. To allow the Bank to receive such rents without taking affirmative action as required under state law would give the Bank greater rights by reason of the bankruptcy proceeding than it would have had absent bankruptcy, contrary to the rule of *Butner.*

For the reasons stated, the Court finds that the Bank is not entitled to the rental funds held by the trustee. Accordingly, the Court finds for the trustee and against the Bank on the Bank's complaint for accounting and turnover of these funds.

---

5. "Cash collateral" under § 363(a) includes rents of property subject to a security interest under § 552(b). 11 U.S.C. § 363(a). Section 552(b) incorporates by reference the adequate protection requirement of § 363 and ensures the mortgagee adequate protection of its interest in postpetition rents even though the mortgagee is not presently entitled to the rents under state law. *See Dash Point,* 121 B.R. at 859–860; McCafferty, *The Assignment of Rents in the Crucible of Bankruptcy,* 94 Com.L.J. 433, 456–57 (1989).