FOURTH DIVISION
 November 7, 1996










 1-95-0542)
Nos. 1-95-0733) Cons.
 1-95-0814)
 1-95-4362)



COMERICA BANK-ILLINOIS, an Illinois )
Corporation, as Successor in Interest )
to Affiliated Bank/North Shore National, )
a National Banking Association, )
 )
 Plaintiff-Appellant/ ) Appeal from
 Counterdefendant-Appellee, ) the Circuit Court
 ) of Cook County.
 v. )
 )
HARRIS BANK HINSDALE, Not Personally but )
as Trustee Under a Trust Agreement )
Dated January 8, 1990, and Known as Its )
Trust No. L-2506; HILLSIDE-1 GENERAL )
PARTNERSHIP, an Illinois General Partner-)
ship; MARK J. MARINELLO; SHELI Z. )
ROSENBERG; CARL M. DeFARIA and METRO ) 94-CH-4616)
RESOURCE INVESTMENTS, INC., an Illinois ) Nos. 94-CH-7059)
Corporation, ) 
 )
 Defendants-Appellees/ )
 Cross-Appellees, )
 )
 v. )
 )
CHICAGO TITLE AND TRUST COMPANY, an )
Illinois Corporation, as Trustee Under a )
Certain Trust Dated January 31, 1990, by ) Honorable
and Between Said Trustee and HARRIS/BANK/) Lester D. Foreman,
HINSDALE, N.A., as Trustee Under Trust ) Judge Presiding.
No. L-2506, Dated January 8, 1990, as )
Mortgagor; and GREENLEAF REALTY MANAGE- )
MENT CO., INC., an Illinois Corporation, )
 )
 Cross-Appellants/ )
 Counterplaintiffs-Appellants. )




 JUSTICE THEIS delivered the opinion of the court:

 In this consolidated appeal, a first and second mortgagee ask
this court to review the trial court's order awarding rents to a
mortgagor who defaulted on its first and second mortgages. The trial
court placed rents initially collected by the first mortgagee into the
hands of a receiver. The court then ruled that the rents should be
returned to the mortgagor because the mortgagor was in possession of
the property at the time the rents were collected. We affirm.
 Comerica Bank-Illinois, as the successor in interest to
Affiliated Bank/North Shore National, issued a first mortgage on the
Family Square Shopping Center in Hillside, Illinois. In addition,
Comerica recorded both the mortgage and an assignment of rents and
leases as security for the loan. The assignment of rents provided
that Comerica could collect rents from the property without taking
possession of the property, and without exercising its other options
under the mortgage. Chicago Title and Trust Company, as trustee,
issued a second mortgage on the same property. The trustee
subordinated its interest to Comerica.
 While the mortgagor paid the first installment of real estate
taxes on the property in 1990, the mortgagor failed to make further
payments. Comerica first learned of the delinquency in December of
1993, when a real estate tax buyer notified Comerica that it had
purchased the property at a public sale. The property's tax
obligation, including penalties, exceeds $600,000. While the mortgage
required the mortgagor to make real estate tax payments to a Comerica
escrow, Comerica waived the requirement. 
 As the mortgagor's failure to pay the taxes constituted a breach
of the mortgages, Comerica and the trustee were free to foreclose
their mortgages. In April of 1994, Comerica notified the mortgagor
that it was in default and that Comerica would exercise its legal
remedies if the mortgagor did not cure the default. The mortgagor
failed to cure the default and Comerica chose to exercise its rights
under the assignment of rents. Comerica began collecting rents from
the property without foreclosing, seeking the appointment of a
receiver, or obtaining authorization from a court. This option
permitted Comerica to reduce the debt without assuming responsibility
for the property or the large tax obligation.
 On May 20, 1994, Comerica filed a complaint seeking an accounting
and other relief against the mortgagor and the guarantors of the
mortgage. The mortgagor filed a counterclaim seeking the appointment
of a receiver and an injunction mandating Comerica's maintenance and
operation of the property. The trial court dismissed the mortgagor's
counterclaim on October 24, 1994, for failure to state a claim upon
which relief could be granted. 
 On August 5, 1994, the trustee filed an action to foreclose its
second mortgage. The trustee further sought an accounting, the
appointment of a receiver, and a return of the rents from Comerica. 
On October 5, 1994, the trial court consolidated Comerica's and the
trustee's actions. On December 22, 1994, the trial court granted the
trustee's motion for an accounting and turned the collected rents over
to a receiver. The trial court then heard the arguments of Comerica,
the trustee and the mortgagor, each seeking turnover of the rents. 
Finding that the rents belonged to the possessor of the property, the
court awarded the rents to the mortgagor. 
 Comerica filed an appeal seeking a review of the trial court's
order granting the trustee's request for an accounting. Comerica
claims that it was free to contract with the mortgagor for the
assignment of the rents, despite the common law requirement of
possession. The trustee also appealed the trial court's ruling. On
appeal, the trustee claims that Comerica failed to take proper
affirmative action against the property, and therefore is not entitled
to the rents. The trustee argues that its foreclosure action,
however, was appropriate and entitles the trustee to the rents.
 After the parties filed their appeals, Comerica entered into a
settlement agreement with the mortgagor. Pursuant to the settlement
agreement, the mortgagor assigned its interest in the rents to
Comerica in the event that this court rules in the mortgagor's favor. 
The trial court approved the settlement.
 Initially, we find that the settlement agreement entered into
between Comerica and the mortgagor moots Comerica's appeal. See
generally In re Marriage of McCoy, 272 Ill. App. 3d 125, 650 N.E.2d 3
(1995). The trial court awarded the rents to the mortgagor. On
appeal, Comerica claims that the trial court erred in awarding the
rents to the mortgagor as Comerica should have been allowed to
exercise its right to collect rents under the assignment of rents. 
Pursuant to the settlement agreement, however, Comerica will receive
those rents regardless of whether we affirm the trial court's ruling,
or reverse the trial court's ruling in its favor. Consequently, the
issues raised in Comerica's appeal are moot. Therefore, we will
address only the arguments raised by the trustee on appeal.
 The trustee first argues that Comerica's assignment of rents,
which permits Comerica to collect the rents without any other action,
cannot supersede the common law requirement of possession. In
resolving this issue, we have relied on Illinois case law. However,
we have also found relevant bankruptcy decisions and Federal case law
to be thorough and persuasive. Because the Supreme Court has required
bankruptcy courts to apply State law in determining mortgagees'
entitlements to rents, we find bankruptcy decisions useful in
resolving this issue. Butner v. United States, 440 U.S. 48, 59 L. Ed.
2d 136, 99 S. Ct. 914 (1979). 
 Courts will not enforce private agreements that are contrary to
public policy. Rome v. Upton, 271 Ill. App. 3d 517, 648 N.E.2d 1085
(1995). At common law, it was strictly held that the mortgagee must
take actual possession before he was entitled to rents. See, e.g., 
Metropolitan Life Insurance Co. v. W. T. Grant Co., 321 Ill. App. 487,
53 N.E.2d 255 (1944); Taylor v. Osman, 239 Ill. App. 569 (1926). "[A]
clause in a real estate mortgage pledging rents and profits creates an
equitable lien upon such rents and profits of the land, which may be
enforced by the mortgagee upon default by taking possession of the
mortgaged property." Anna National Bank v. Prater, 154 Ill. App. 3d
6, 17, 506 N.E.2d 769, 776 (1987).
 The possession requirement reflects the public policy in Illinois
which seeks to prevent mortgagees from stripping the rents from the
property and leaving the mortgagor and the tenants without resources
for maintenance or repair. In re J.D. Monarch Development Co., 153
B.R. 829 (Bankr. S.D. Ill. 1993); In the Matter of Michigan Avenue
Nat'l Bank, 2 B.R. 171, 185-86 (Bankr. N.D. Ill. 1980). Applying
Illinois law, the court in Monarch stated that:
 "To obtain the benefits of possession in the form
 of rents, the mortgagee must also accept the
 burdens associated with possession--the
 responsibilities and potential liability that
 follow whenever a mortgage goes into default. The
 mortgagee's right to rents, then, is not automatic
 but arises only when the mortgagee has
 affirmatively sought possession with its attendant
 benefits and burdens." In re J.D. Monarch
 Development Co., 153 B.R. 829, 833 (Bankr. S.D.
 Ill. 1993). 
 We recognize that there is a modern trend in this area of the law
which permits a mortgagee to collect rents once it has taken
constructive, as opposed to actual, possession of the property. See 
De Kalb v. Purdy, 166 Ill. App. 3d 709, 520 N.E.2d 957 (1988). Courts
have recently allowed mortgagees to collect rents after taking some
affirmative action to gain possession of the property (In the Matter
of Fullop, 6 F.3d 422 (7th Cir. 1993)), such as obtaining judicial
intervention by way of injunctive relief. Purdy, 166 Ill. App. 3d
709, 520 N.E.2d 957. Similarly, courts have ruled that mortgagees may
be entitled to rents once a receiver has been appointed. See
Metropolitan Life Insurance Co. v. W. T. Grant Co., 321 Ill. App. 487,
53 N.E.2d 255 (1944). 
 While the trustee concedes that actual possession is not
necessary to collect rents, it argues that Comerica failed to take the
affirmative action which would constitute constructive possession of
the property. In the absence of such action, Comerica's enforcement
of the assignment of rents permits Comerica to strip the property of
its value without accepting responsibility for its maintenance. The
trustee claims that such conduct contravenes Illinois' public policy. 
We agree. 
 We find that even under the more progressive "affirmative action"
cases, a mortgagee still needs to obtain a court's authorization
before he may collect rents without taking possession. Such a
requirement ensures that the all of the parties' interests will be
before the court, and will not be subject to the unilateral acts of
the mortgagee. See Lake County Trust Co. v. Two Bar B, Inc., 238 Ill.
App. 3d 589, 606 N.E.2d 258 (1992). We agree with the trustee's claim
that actual or constructive possession of the property is required
before a mortgagee may collect rents. Because Comerica's assignment
of rents permitted Comerica to collect rents in contravention of
Illinois public policy, we refuse to recognize that provision of the
agreement. 
 This is not the end of our discussion, however, as the trustee
argues that it took the necessary affirmative action and that it is
therefore entitled to the rents. The trustee claims that filing a
foreclosure action and seeking the appointment of a receiver
constitute the necessary affirmative action which entitled it to the
rents. 
 We find that the mere filing of the foreclosure action or request
for a receiver is not sufficient to trigger the mortgagee's right to
collect rents. First, in a foreclosure action, the mortgagee is not
entitled to rents until judgment has actually been entered unless the
mortgage agreement permits the mortgagee to obtain prejudgment
possession. See In the Matter of Wheaton Oaks Office Partners Ltd.
Partnership, 27 F.3d 1234 (7th Cir. 1994). Similarly, the mere
request for the appointment of a receiver is not sufficient. "[T]he
mortgagee is not entitled to the rents until the mortgagee or a
receiver appointed on the mortgagee's behalf has taken actual
possession of the real estate after default." In re J.D. Monarch
Development Co., 153 B.R. 829, 832 (Bankr. S.D. Ill. 1993). 
Accordingly, we find that it is not the mere filing of certain
pleadings, but rather the trial court's affirmative ruling on such
filings which entitles the mortgagee to the rents.
 It is undisputed that the trustee did not obtain prejudgment
possession of the property. The rents in dispute were collected 
during the time that the mortgagor was in possession of the property
but before the receiver was appointed. Therefore, we find that the
trial court was correct in ruling that the rents collected properly
belong to the mortgagor. 
 Affirmed.
 HOFFMAN, P.J., and O'BRIEN, J., concur.